## Lloyd vs. Brewster and others.

Where goods are obtained from the vendor by means of a fraudulent misrepresentation of the vendee as to his situation and circumstances, the vendor may elect to consider the sale void, and may follow the goods, or the proceeds thereof, into the hands of a third person who has received them without paying any new consideration therefor ; or he may affirm the sale, and proceed in the ordinary way against his vendee to recover the price of the goods.

If a vendor, who has been defrauded in the sale of his goods, proceeds to judgment against the vendee, upon the contract of sale, after he is apprised of the fraud, his election is determined ; and he cannot afterwards follow the goods, or the proceeds thereof, into the hands of a third person, on the ground of the fraud.

Where the vendor recovers a judgment for the price of the goods, before he has notice of the fraud, he cannot file a creditor's bill against the vendee for the purpose of collecting the amount of the judgment out of the equitable assets and choses in action of the defendant, and in the same bill claim to follow the goods, or the proceeds thereof, into the hands of a third person, on the ground that the original sale was fraudulent and void. Neither is a bill with a double aspect proper for such a case.

A bill with a double aspect may be filed where the complainant is in doubt whether he is legally entitled to one kind of relief or another, upon the facts of the case as stated in the bill ; in which case his prayer should be framed in the alternative, so that if the court decides against him as to one kind of relief prayed for, he may still obtain the proper relief under the other branch of his alternative prayer.

So also, where the complainant is entitled to relief of some kind against the defendants, upon the facts stated in his bill, if the nature or kind of relief to

1834.

Lloyd
v.
Brewster.

which he is entitled depends upon the existence of a fact of which he is ig-
norant, he may allege his ignorance of such fact, and may frame his prayer
for relief in the alternative, so as to obtain the appropriate relief according
as the fact shall appear at the hearing of the cause.

Where a bill has been filed for a particular purpose, and has been sworn to
for the purpose of obtaining an injunction, which injunction has been dis-
solved upon the coming in of an answer denying the whole equity of the
bill, the court will not allow an amendment the effect of which will be to
change the whole character of the litigation.

August 19.     THIS was an appeal from a decision of the vice chancellor
of the first circuit, refusing leave to the complainant to amend
a sworn bill.     The bill stated the recovery of a judgment in
favor of the complainant, against the defendant Brewster, for
about $700, on a bond and warrant given for goods sold to
him by the complainant, upon which judgment an execution
had been issued, and returned unsatisfied.     The bill con-
tained the usual allegations required to be stated in creditors'
bills, by the 189th rule.     The complainant also charged that
the goods for which the bond and warrant were given, were
obtained from him upon false and fraudulent representations,
made by Brewster, and by Ramsdell and Brown the other de-
fendants, that Brewster had a capital of $2000, and was safe
to trust ; and that about the time of the making these false
and fraudulent representations, Brewster gave to Ramsdell
and Brown a bond and warrant of attorney to enter up judg-
ment, for a large amount, to secure some pretended claim of
Ramsdell and Brown, or for credits or advances to be given or
afforded to Brewster by them.     The complainant further
charged that it was fraudulently agreed, between Brewster
and Ramsdell and Brown, that they should aid and assist
Brewster in setting up business and in obtaining credit, and
particularly in obtaining goods on credit, and that Brewster
should in any event secure them from loss ; and that if he
was unsuccessful in business, he should secure any claims
they might have against him, in preference to all other cred-
itors.     And that the bond and warrant of attorney to Ramsdell
and Brown were given, and the false and fraudulent repre-
sentations upon which the goods of the complainant were ob-
tained were made, in pursuance of and in accordance with such
agreement to give them a preference.     The complainant fur-

ther alleged, in his bill, that subsequent to the delivery of his goods to Brewster, the latter made an assignment of his goods, household furniture and effects to Ramsdell and Brown, for the purpose of defrauding the complainant and other creditors; the principal part of which goods and effects, so assigned, were the same goods obtained from the complainant upon such fraudulent and false representations, or the proceeds of such goods. The complainant therefore prayed that the bond and warrant, given to Ramsdell and Brown, and the judgment entered thereon, and the assignment from Brewster to them, might be adjudged fraudulent and void; that the assigned property and effects might be delivered up; that an account thereof might be taken; and that the debt of the complainant, and the debts of such other creditors as might come in under the decree, might be paid out of such property and effects, according to their respective priorities. The bill also contained a prayer for an injunction, for a receiver to take charge of the assigned property, and for general relief. Upon the coming in of the answer of Ramsdell and Brown, denying all fraud on their part in obtaining the goods and all knowledge of any fraudulent misrepresentations on the part of Brewster, and denying all fraud in the assignment, which assignment, as they alleged, was made to one of them to secure the payment of a bona fide debt due to both, the injunction was dissolved. And upon an appeal to the chancellor, the decision of the vice chancellor dissolving the injunction was affirmed. On the hearing of that appeal, as it appeared from the answer of Brewster that he had obtained the goods upon the false and fraudulent representation that he had a cash capital of $2000, when in fact he had no such capital, the complainant's counsel insisted that he had a right to follow the goods, or the proceeds thereof, into the hands of Brewster's assignee, although they might have been fairly and honestly assigned to secure a bona fide debt; and that the injunction, for that reason, ought not to have been dissolved. But the court held that the bill was not properly framed for that kind of relief; that the complainant, by taking a judgment for the amount of the goods sold, and by filing a creditor's bill here to collect the amount of such judgment, had

1834.

Lloyd
v.
Brewster.

affirmed the sale of the goods, and could not, therefore, treat the sale as a nullity. And that if the judgment had been taken, and the execution issued thereon, before the complainant was apprised of the fraud, he should have stated the fact in his bill. The complainant thereupon applied to the vice chancellor for leave to amend the bill, by charging that fact; and by changing *and* into *or*, at the conclusion of the prayer for special relief, so as to make the prayer in the alternative, for the specific relief asked for, provided that could be obtained, and if not, for such other relief as might be proper upon the case made by the bill. The vice chancellor denied the application; whereupon the complainant brought the present appeal.

*T. R. Lee*, for the complainant.

*N. Hill, jun.* for the defendants.

THE CHANCELLOR. The vice chancellor was right in supposing this was not a case for a bill with a double aspect. That the different parts of the bill would be inconsistent with each other, if the complainant was permitted, therein, to treat the sale to Brewster as valid, by proceeding against him as a judgment creditor under the judgment recovered for the price of the goods upon the sale, and was at the same time permitted to repudiate such sale on account of the fraud practised upon the complainant in obtaining the goods, and to seek a recovery of the specific articles, or the proceeds thereof, in the hands of another of the defendants, to whom they had been assigned for the payment of antecedent debts. A proper case for a bill with a double aspect, is where the complainant is in doubt whether he is entitled to one kind of relief or another, upon the facts of his case, as stated in the bill. In such a case he may frame his prayer in the alternative; so that if the court is against him as to one kind of relief prayed for, he may still be enabled to obtain any other relief to which he is entitled, under the other part of the alternative prayer. So also where a complainant is entitled to relief of some kind, upon the general facts stated in his bill, if the nature of the relief to

1834.

Lloyd
v.
Brewster.

which he is entitled depends upon the existence or non-existence of a particular fact, or circumstance, which is not within his knowledge, but which is known to the defendant, he may allege his ignorance as to such fact, and call for a discovery thereof. And in such a case he may also frame his prayer in the alternative, so as to obtain the proper relief, according as the fact may appear at the hearing of the cause. Here the complainant alleges that the goods were obtained from him by the fraudulent representations of the purchaser and the other defendants. And he states a case of fraud in his bill, which, if true, would subject the purchaser to imprisonment in the state prison, for obtaining goods by false pretences. He had therefore a perfect right to elect to consider the sale as void, and to follow his goods, or the proceeds thereof, into the hands of the assignee who had paid no new consideration therefor on the assignment. Or he might elect to affirm the sale, or to consider it as valid; and to proceed as a judgment creditor against all the property, equitable interests, and choses in action of his debtor, either in his own hands or in the hands of a fraudulent assignee. And he might look to Ramsdell and Brown personally for the balance which remained uncollected, if he could establish the fact of their participation in the original fraud in obtaining the goods. I think it is pretty evident that the original bill in the present case was not framed with a view to the first kind of relief. The complainant hoped to reach all the assigned property, under a creditor's bill founded upon his judgment, upon the allegations of fraud in the assignment, which were stated in his bill as it was subsequently amended. But the assignee having denied all fraud in the assignment, the complainant now wishes to abandon his judgment recovered for the price or the goods, or rather to place himself in a situation to repudiate the sale in part, so as to follow such part of his goods, or the proceeds thereof, into the hands of the assignee, on the grounds of a prior equity. This would be changing the whole character of the litigation; which I think should not be permitted upon a sworn bill, and in this stage of the suit.

The decision of the vice chancellor is therefore affirmed, with costs.