# Hugh Dickson, Adm'r, &c. *v.* T. B. Poindexter *et al.*

The office of an amended or supplemental bill is, to cure some defect, or to amplify the grounds taken by the original bill; and whether the object be to make new parties or to introduce new matter, the connection between the new matter and the new parties with the matter of the original bill must be a necessary and apparent connection.

Where an amended bill introduced a new and substantial cause of action, upon which a decree must have been had, without reference to the original bill, it was held to be demurrable, and the bill was dismissed.

The bill states, that in the year 1835 James C. Dickson died, and that Jacob B. Womack administered upon his estate, and sold of his slaves a large number to Wiley Davis, who gave his bond payable to Womack, with Thomas Land and Hugh W. Davis as his securities. This bond was dated on the 25th day of February, 1836, due at twelve months. On the 6th of April, 1836, Womack indorsed the bond to Poindexter, in payment of some slaves sold by Poindexter to Womack; that Womack had possession of the slaves; but whether he held them as his own or as the property of the estate of Dickson, is not known. The bill states the death of Jacob Womack, on whose estate Abram Womack and his widow, since married to Taylor, administered; that Jacob Womack made a deed of trust to secure the payment of the bond to Poindexter, which deed conveyed the slaves bought of Poindexter. The bill states that Poindexter knew that the bond belonged to the estate of James C. Dickson, and prays a decree either for the slaves or the note.

The answer of Poindexter admits the substantial allegations of the bill. The injunction which was granted on the bill was dissolved at the January term, 1839.

Afterwards, in April, 1839, a supplemental and amended bill was filed, which states that the bond was never presented to the estate of Wiley Davis within eighteen months as required by law.

Dickson, Administrator, *v.* Poindexter *et al.*

The bill makes the administrators of Wiley Davis and others parties.

A second supplemental bill was filed, making Helm, Gwin, Heffner and Mrs. Davis, who purchased of the estate of Wiley Davis, the slaves by him purchased of James C. Dickson's estate, parties to the bill, and praying to enforce the statutory lien against them.

A third supplemental bill has been filed, but it does not change the features of the case.

A demurrer is put in by the administrators of Wiley Davis and the purchasers of the slaves. The grounds of the demurrer by the administrators are, that the estate, by the showing of the bill itself, is discharged from the payment of the bill single. The ground of demurrer of the purchasers is, that the estate being discharged from the payment of the bill single, the lien given by the statute, which was an incident of the debt and collateral to it, is gone also, and that they must hold the slaves discharged of the lien, which the estate certainly would, if it held them.

WILLIAM YERGER for the demurrer.

By the provisions of the law, see Revised Code, 63, it will be seen that all claims against the estate of a decedent are barred forever, and the estate discharged forever from the payment of them, unless they are presented within eighteen months to the executor, &c., and the executor, &c. may give the act in bar to any suit in law or equity founded on such claim. This clearly bars an action on the bill single against the estate. And a suit to enforce the statutory mortgage is certainly a suit or action in equity, and the estate must be discharged from it *ex vi termini* of the statute. If the estate is discharged, those claiming as purchasers under it must also be discharged.

There is another view of the case which is conclusive. The statute bars the claim, whatever it is, against the estate. If the statutory mortgage is not a claim, it is certainly only an incident of the claim, the bond, accessory and collateral to it, and whatever discharges the claim or debt, discharges the accessory or incident. 2 A. R. Marshall, 109; 1 Bibb, 526; 1 Story's Eq. 283; Com. Dig. Chancery, A. 1; 2 Burnes, 969.

There are authorities which say that after a particular form of action, for instance assumpsit on a note, is barred by the statute of limitations, that a bill in equity to foreclose the mortgage given to secure the debt, is not gone.  11 Conn. 163.  The reason of this decision is, that the statute of limitations only bars the remedy or form of action, and did not cancel the debt; and that therefore if one form of action is barred, and another not, there is no reason why the party should not recover in the form not barred.  The correctness of this decision may be admitted, though it is a strange idea that the courts should entertain of legislative wisdom, that they should wish to bar a mere form of action, and not the demand itself; yet it cannot prejudice this case, for our statute expressly bars the claim, not a form of action.  It discharges the estate from the claim, and makes it a bar to any action of any form in law or equity; in which it differs from the usual statutes of limitation, which bar the form of action generally, and most always, in words, only apply to actions at law.

Hughes on same side.

The substance of this transaction is this:  Jacob B. Womack was the administrator of James C. Dickson, deceased, and as such administrator, sold negroes belonging to the estate of Dickson, took the note of Wiley Davis and others for the payment of the debt created for said negroes, payable to him, as administrator of J. C. Dickson, deceased.  Afterwards Womack purchased of Poindexter seventeen negroes, and, for the purpose of paying for the negroes, indorsed the note given to him as administrator, and gave a deed of trust on the negroes purchased, with condition, if the note so indorsed was not punctually paid in six months after due, that a sale might take place.  The note was not paid, when Hugh Dickson, the administrator *de bonis non* of James C. Dickson, filed his bill, enjoining the collection of the money on the note and sale under the deed of trust, because the note was the property of the estate, or the negroes purchased by it.

To support the motion to dissolve, it is insisted—

1. That the administrator had power to transfer the note, even in payment of a debt due by himself; and that a transfer made by

him is good, unless there be fraud in the transaction. See Toller's Law of Ex'ors, 256.

2. The sale of the slaves of the estate of James C. Dickson, by his administrator, was an act of administration; and, if the administrator improperly disposed of the proceeds of the sale, that was an act of mal-administration, for which the administrator or his representatives are responsible to the creditors, devisees or distributees, and not to the administrator *de bonis non*. The administrator *de bonis non* can take or is entitled to nothing but that which is left unadministered by the first administrator. See Op. Book, 15, 18, 37.

S. S. BOYD for defendant Helm.

1. The bill is defective in joining parties whose interests are separate.

2. Helm is only called on and required to answer the third supplemental bill, and not the original; and there is nothing in the third supplement but a charge that he holds certain slaves, which it certainly is not unlawful for a Mississippian to do!

3. The statutory lien does not exist in favor of a note after assignment, nor against any but the purchaser. See the act; 1 Paige's Ch. R. 506.

4. The notes were made to Womack, and he had a right to indorse them. They thus became administered. See the case of Smith's administrator *v.* Kelsey, administrator *de bonis non*, &c. in 1 Howard.

5. The claims of the bill are discordant and cannot be joined, to wit: complainant seeks relief from Davis's heirs and estate; then from the purchaser and sub-purchasers of the property bought by Wiley Davis at Dickson's sale; then against Poindexter for the notes themselves; then against Mrs. Womack and her husband for the slaves sold by him, and which were bought of Poindexter with the notes in question. This cannot be permitted.

6. Helm had no notice of the transaction, and cannot be implicated.

I concur in the brief of Mr. Yerger as to the statute of limitations, but do not think Helm interested in that question.

THE CHANCELLOR.

The original bill shows that Jacob·Womack, as administrator of James C. Dickson, sold to Wiley Davis a number of negro slaves, as the property of his intestate, Dickson, and took therefor the note of said Davis, with sureties; that Womack afterwards transferred the note to the defendant Poindexter, in payment for a number of slaves bought of Poindexter, who took a deed of trust on the negroes, to secure payment. Womack died, and the complainant Miller became the . administrator *de bonis non* on the estate of Dickson.

The bill prays for a decree against Poindexter, either for the slaves, in possession of Womack's administrators, (Taylor and wife,) or the note so transferred to him.

A supplemental bill was afterwards filed, stating the death of Wiley Davis, and charging that Poindexter had failed to present the note aforesaid to Davis's administrators, within the eighteen months prescribed by the statute, whereby they allege that the same is discharged, and Davis's estate and the sureties on the note wholly released; and prays that Poindexter may, as a consequence, be held liable to the estate of Dickson for the amount of the note.

A second supplemental bill is filed, by which the defendants, Mary J. Davis, David Davis, Helm, Gwin, and Hefner, are brought before the court as purchasers, from the estate of Wiley Davis, of the negroes bought by him, in his life time, from the estate of Dickson; and prays that the statutory mortgage, given upon property sold by administrators, may be enforced against the negro slaves in the hands of said defendants. These defendants have demurred to the last supplemental bill, by which they are made parties, and upon that demurrer the case was submitted for hearing.

The first objection to the supplemental bill demurred to, which struck me upon reading the papers, is the fact that it set up new substantive and distinct matter, having no connection with the original bill, and upon which a separate and distinct decree not only may be, but must be made, without reference to either the parties or the matter of the original bill. This would be giving a latitude to the character of amendments and supplements unknown to the principles of pleading. The office of an amended

or supplemental bill is to cure some defect, or to amplify the grounds taken by the original bill; and, whether the object be to make new parties or to introduce new matter, the connection between the new matter or the new parties with the matter of the original bill, must be a necessary and apparent connection. But in this supplemental bill there is a new and substantive cause of action, upon which a decree not only could, but must, necessarily, be had, without reference to the original bill.

The complainant seeks to go, not only upon entirely new ground from that taken by the original bill, but against new parties, having no privity of interest, in relation to the matter of the original bill, with the defendants to that bill, which would change the whole character of the litigation.

This is not a case with double aspect as to relief, which a party may file, and, although he may pray in the alternative, yet the relief asked under both prayers must have relation to the same subject matter. This view of the case is fully sustained by the cases of Loyd v. Brewster, 4 Paige, 537; and Milner v. Milner, 2 Edward's Ch. Rep.

It is insisted, by the counsel for the demurrer, that, inasmuch as it is alleged by the bill that the estate of Davis is discharged from the statutory mortgage, by reason of the alleged non presentation of the claim, the defendants, as the purchasers of the *subject* of that mortgage, must also be discharged. Without determining whether this statutory mortgage is matter of which the administrators of the statutory mortgager are bound to take notice, or whether it was that description of claim to which the special statute of limitations applies, it is sufficient to remark, that the bill does not state that publication of notice was made by the administrators, without which, it is clear, the estate of Davis could not be exonerated.

The demurrer must be sustained, and the bill dismissed as to the defendants, Mary J. Davis, David Davis, Helm, Gwin and Hefner.