## Case No. 7,404.

### JOHNSON v. PECK.

[1 Woodb. & M. 334.] [1]

Circuit Court, D. Rhode Island. June Term, 1846.

---

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

Waters & Carpenter, for plaintiff.
Mr. Bullock, for defendant.

WOODBURY, Circuit Justice, instructed the jury, that if the representations made by Wheelock to the plaintiffs, at the time of the purchase, were false and fraudulent, and were relied on by the plaintiffs, and were so material, that the sale would not probably have been made without them, the sale was voidable as between the parties to it. One party had obtained credit by means not justifiable, and the other had parted with his property under false pretences and averments, which were material and untrue. It was right, then, in law as well as equity, that such a purchaser should not profit by his own wrong, and that the seller and purchaser should in such case stand as if nothing had occurred between them. But when rights of third persons intervene in this class of cases, they are to be upheld, if those persons purchased the property absolutely, and parted with a new and valuable consideration for it, without notice of any fraud. Because, unlike the case of theft, the vendor here voluntarily parts with the possession of his property, and thus enables the purchaser to gain a credit, or to appear to be the owner, and thus be bought of honestly. And though in the case of theft, it is otherwise, and the owner may recover the property of third persons, yet he cannot in cases of fraudulent sales, else the community would be deceived and defrauded as much as the vendor. Parker v. Patrick, 5 Durn. & E. [5 Term R.] 175; Somes v. Brewer, 2 Pick. 184; Rowley v. Bigelow, 12 Pick. 307; Story, Bailm. §§ 124, 125; 8 Cow. 238; Lloyd v. Brewster, 4 Paige, 537.

The true tests, then, as to third persons, are these. If they buy absolutely, and for a new and full consideration, and without notice of the fraud in procuring the goods, they are to be protected in holding them. But if they have notice of the fraud, or give no new valuable consideration, or are mere mortgagees, pawnees, or assignees in trust for the debtor, or for him and others, such third persons are to be regarded as holding the goods open to the same equities and exceptions as to title, as they were open to in the hands of the mortgager, pawner, or assigner. The latter is still interested in them; has a residuary title; has taken no new consideration for them; and his assignee or mortgagee has parted with nothing new for the goods; has not bought them; and, if he loses them, is in no worse condition than he stood before they were purchased and assigned or mortgaged him. If the defendant then stood in this attitude, or the mortgagees for whom he acted, the plaintiffs should recover against him. He would lose nothing by such a recovery, as he held other goods sufficient to defray his expenses, and had no debt against Wheelock to be secured or paid. Nor would the mortgagees lose any thing, looking to this transaction as a whole. They stood better than before it took place, as they had been partly paid by sales of some of these goods before a demand on the defendant, and these last sales are not to be computed in the damages recovered against him. They could stand no worse, as neither of them had given any new credit, or parted with any new consideration, on account of the mortgages or assignment of this property.

The court then called the attention of the jury to the evidence which bore upon the facts, that the representations made were not true, and were at the same time material in the trade.

The jury returned a verdict for the plaintiffs.