## SUPREME COURT.

### RAE agt. THE WASHINGTON MUTUAL INSURANCE COMPANY.

An application for an order that the demurrer be *stricken out* as " *irregular and frivolous*" (under § 247), is not a motion for *judgment* on the demurrer, and can not be granted as such, where there is no prayer for general relief. (*This agrees with the decision on this question in Darrow agt. Miller,* 5 *How.* 247.)

To warrant a judgment under the 247th section of the Code, the case should be entirely clear—palpable upon the statement of the facts; and requiring no argument to make it more apparent.

The party may demur to a reply, " if the reply be insufficient" (*Code,* § 155). The queston, " *insufficient for what ?*" considered.

*At Chambers, 23d August,* 1851. Motion for judgment under 247th section of the Code.

MR. JONES, *for the Motion.*

MR. HOPKINS, *for the Defendant.*

GRIDLEY, Justice.—This is a motion for judgment under the 247th section of the Code, upon a frivolous demurrer; and the counsel for the defendant objects.

1st. That the motion can not be entertained under the notice. The notice is of an application for an *order* that the demurrer be stricken out as *irregular* and *frivolous*, with costs of the motion. Nothing is said of an application for *judgment* on the demurrer, or for *judgment* in the cause; nor is there any prayer for general relief. When a party moves for *specific relief*, and does not pray for any alternate or general relief, and the motion for specific relief is not granted, the application is denied (4 *Paige,* 537; 4 *id.* 229; 5 *id.* 517; 1 *Hof. Pr.* 45, 49). An *order* is a direction of a court or judge in writing, not included in a judgment (§ 400). A *judgment* is a final determination of the rights of the parties in the action (§ 245). Now an application for an order that the demurrer be *stricken out* as " *irregular* and *frivolous,*" is not a motion for *judgment* on the demurrer or in the action, under the 247th section of the Code. The notice seems rather to have been drawn with reference to relief under the 152d section, which provides for *striking out sham answers* and *defences. That,* however, is a motion to be made before the *court ;* while relief under the 247th section may be obtained before a judge on five days notice.

2d. But granting that the motion, instead of being for an order that the demurrer be stricken out as " *irregular* and *frivolous,*" had been for judgment on the demurrer on account of its frivolousness, I am still of opinion that it should be denied. To warrant a judgment under the 247th section, the case should be entirely clear; palpable on the statement of the facts, and requiring no argument to make it more apparent. It was to prevent the effect of a delay until a regular term or circuit, that this section was framed. Under the former practice, you might move for judgment on a frivolous demurrer, or on account of the frivo-

Rae agt. The Washington Mutual Insurance Co.

lousness of a plea, out of its order on the calendar (1 *Wend.* 57), and now, you may move before a judge, on a notice of five days for the same and even more extensive relief. This gives the same remedy against a frivolous reply as formerly existed in the case of a frivolous plea.

In order to determine whether the demurrer is so clearly frivolous as to authorize this summary judgment, it will be necessary to examine the previous pleadings. The action was on a policy of insurance. The answer set forth, as one distinct ground of defence, that the policy was, by its terms, made subject to certain by-laws and conditions annexed to the policy; one of which required every applicant to state in his application the amount of any incumbrance on the property; and that the applicant in his application stated that there was no incumbrance on the same; whereas there was a mortgage on the premises, on which was due of about the amount of five hundred and twenty-five dollars. To this defence the plaintiff replied, *that* at the time of the application for insurance, the applicant stated to the agent who took the application, that there was a mortgage on the premises of about five hundred and twenty-five dollars,, which was true, as he was informed and believed; that a printed paper was handed to the applicant, the blanks of which were filled up by the agent; and if said paper contained any thing different from the foregoing statement, as to incumbrances, the same was improperly and wrongfully obtained from the applicant by said agent; and that, as the plaintiff is informed and believes, the applicant did not falsely state in his said application that said property was not incumbered.

To this replication the defendant demurred for *insufficiency*, because, 1. It attempted to avoid the facts pleaded, without confessing those facts.

2. That it states *evidence* and not *facts.*

3. That it is *argumentative* and not *positive.*

4. That it does not set up facts sufficient to avoid the defence stated in the answer.

5. That it is *insufficient* in as much as it is *uncertain.*

Rae agt. The Washington Mutual Insurance Co.

On the argument of this demurrer it is apparent that some important questions will arise. It is to be observed that the defence set up in the answer brings the case within the principle decided in Jennings vs. The Chenango Insurance Co. (2 *Denio*, 75), where the conditions annexed were held to be a part of the policy, and the statements in the *application* were held to amount to warranties; which, if not true, rendered the policy void; and where parol evidence, that the applicant told the agent the truth as to those matters, is held not admissible. The party may demur to a reply, " if the reply be *insufficient* (*Code*, § 155). A question may arise as to what defects will render a reply *insufficient*; whether a pleading, that formerly would have been good, on a general demurrer, is to be held *sufficient*, or whether other defects may be reached by a demurrer, according to a suggestion of Justice HAND in Boyer vs. Brown (7 *Bab.* 87, 88). " *Insufficient*" for what? " *Insufficient*" as an answer to the previous pleading, in matters of substance; or "insufficient" as a compliance with the rules of pleading under the Code? An answer in chancery might be excepted to for " *insufficiency*" when any *material* fact was left unanswered, notwithstanding the answer might contain enough to show the bill to be without equity. In other words, it would be no test of the sufficiency of an answer in chancery, to inquire whether it set up a good defence to the bill.

*Again,* it will be a question, on the argument, whether, taking the reply all together, it can be said to *deny* and *put in issue,* properly under the Code, the allegation in the answer, that the applicant stated in the application, that there was no incumbrance on the property. Another question may be whether the hypothetical statement, in the reply, concerning the " printed paper," is to be held sufficient, or whether the reply can be held to refer by that designation to the application; or whether the epithets " *improperly* and *wrongfully*" will be held sufficiently certain and descriptive of the mode of obtaining the paper in question. Do they indicate *force,* or *duress,* or *fraud,* as the means (and which of these means) of obtaining the paper? The

following authorities bear upon some of these questions (1 *Ch Pl. ed. of* 1850, 236, 537, 582, 963; 19 *J. Rep.* 7–36, 37, 38; 19 J. 349; 5 *Cowen Rep.* 139, 430; 2 *Maule & Sel.* 378; 1 *Man. & Gr.* 87). It is sufficient to say that here are questions involved, which are far too grave to be disposed of as frivolous. I would not express or intimate any opinion concerning them, but leave them to be argued at the proper time.

The motion must be denied.