Lacker *v.* Rhoades.

———————◆———————

## SELDEN W. LACKER, and others *vs.* WILLIAM B. RHOADES, E. B. POST and OSMAN RHOADES.

Where there is fraud in a contract for the purchase of goods, but they are freely and voluntarily delivered, the title passes to the vendee. Otherwise if the possession is acquired by felony, tort or fraud.

And when the possession is obtained by delivery with intent to pass the property, the vendor may nevertheless rescind the contract and follow and reclaim the goods, so long as he can identify them, until they have been transferred to a *bona fide* purchaser.

Where an insolvent firm purchases goods on credit, with a preconceived design not to pay for them, the title will pass to the purchasers; and having such title, they can transfer it to another, defeasible for the fraud, at the election of the original vendors.

The original vendors may, in such a case, stop the goods *in transitu*, or rescind the sale and reclaim the goods in the possession of the purchasers, for the fraud, or follow them into the hands of their assignee, and reclaim them, at any time, so long as they can find or identify them in his hands. But if they do not demand, or attempt to reclaim the goods while in the possession of such assignee, but suffer him to convert the same into money, they will have no right of action against him, in respect to the goods, or their proceeds; he having incurred no debt or liability for the goods, either by contract or tort.

Lacker *v.* Rhoades.

THE plaintiffs are partners, doing business at Lockport. The defendants W. B. Rhoades and E. B. Post were partners at Auburn, and the defendant O. Rhoades (the father of W. B. Rhoades,) was the chief confidential creditor. The firm was insolvent, and owed O. Rhoades, for indorsements and loans, about $3000. In this state of things the firm ordered of the plaintiffs a bill of liquors for their grocery, at a credit of four months, on the 21st and 22d of October, 1861. The plaintiffs claimed that these goods were ordered with the preconceived design not to pay for them. About the 14th of October, the affairs of the firm were recognized by them as desperate ; they were sued, and talked it over. On the 24th of October, the firm made a general assignment of every thing in their possession at the store, to Osman Rhoades, and he took possession and proceeded to take an inventory. On the 29th of October, these goods came to the store, with the *bill* of the plaintiffs, and the complaint alleged that Osman Rhoades took possession thereof, placed them *from* the bill, on the inventory, and converted them to his own use.

On the trial the counsel for the defendants moved that the plaintiffs be nonsuited as to the defendant Osman Rhoades, which motion was denied. The jury returned a verdict for the plaintiffs for the amount of the bill and interest, $186.05. Proceedings were stayed, and the case came to the general term in the first instance, upon exceptions.

*Cox & Avery*, for the plaintiffs.

*Rathbun & Sittser*, for the defendants.

*By the Court* E. DARWIN SMITH, J. The motion for a nonsuit as to the defendant Osman Rhoades, it seems to me, ought to have been granted. When the plaintiff rested, no cause of action was established as against him, and more clearly was this so when the testimony in the case was closed.

Assuming that the firm of Rhoades and Post was insolvent when the whiskey in question was ordered by them, and also that it was purchased with a preconceived design not to pay for it, which is all that can be claimed, upon the evidence, I do not see any ground upon which to charge Osman Rhoades with the property or its value. The title to the whiskey undoubtedly passed to Rhoades and Post by the delivery to the carrier, and having the legal title to it they could transfer such title, as they clearly did to Osman Rhoades. The plaintiffs undoubtedly might have stopped the goods *in transitu,* and they might have rescinded the sale and reclaimed them in the possession of Rhoades and Post for the fraud, and they might have followed them into the hands of Osman Rhoades and reclaimed them from him at any time, so long as they could find or identify them in his hands. It is, I think, well settled that where there is fraud in a contract for the purchase of goods but they are freely and voluntarily delivered, the title passes to the vendee. (*Stevens* v. *Hyde,* 32 *Barb.* 171. 1 *Denio,* 74. 2 *id.* 38. 4 *Paige,* 537.) The case is otherwise if the possession is acquired by felony, tort or fraud. And when the possession is obtained by delivery with intent to pass the property, the vendor may nevertheless rescind the contract and follow and reclaim the goods, so long as he can identify them, until they have been transferred to a *bona fide* purchaser. (*Id.* 8 *Cowen,* 238. 20 *Wend.* 267.)

Osman Rhoades had at least the right of a general assignee of Rhoades and Post in respect to this whiskey. He was not liable for the goods on the basis of an unlawful taking and conversion of them. He took them by purchase or assignment. Trover could not have been sustained against him for the whiskey until after the plaintiff had elected to rescind the contract of sale and had demanded the property. (*Bliss* v. *Cottle,* 32 *Barb.* 323.) If he had had the whiskey in possession at the time of such demand and had refused to deliver it, such refusal would doubtless have been evidence of

---

a conversion of the property, and he could have been com-pelled to respond for its value. This whiskey was sold on a credit of four months, and when the plaintiff called upon Osman Rhoades for payment, the credit had expired, and he had long previously sold the whiskey and received and dis-posed of the proceeds. He had incurred no debt or liability. for the goods by contract or tort. When he took possession of the whiskey, he took title to it from Rhoades and Post. He thereby acquired the title, defeasible for the fraud, at the election of the plaintiffs ; but as there was no tort committed in his taking or disposing of the whiskey, and the plaintiff had never demanded or attempted to reclaim the property while it was in the hands of Osman Rhoades, and it could have been followed or reclaimed in specie, they never became rein-vested with the title to it, and never had any right of action in respect thereto, as against Osman Rhoades. Upon this ground I think the complaint should have been dismissed, or a nonsuit granted as against him, Osman Rhoades, as moved for at the circuit.

A new trial should therefore be granted, with costs to abide the event.

[MONROE GENERAL TERM, March 5, 1866. *Johnson, Welles* and *E. D. Smith,* Justices.]