## OAKS v. HARRISON *et ux.*

Fraud: BURDEN OF PROOF. The burden of proof is upon the party seeking to avoid a contract upon the ground that it was induced by fraudulent representations. When the evidence leaves the case in equipoise, the party affirming must fail.

*Appeal from Louisa District Court.*

FRIDAY, DECEMBER 28.

PLAINTIFF, being the owner of forty acres of improved land in Louisa county, exchanged it for a quarter section, unimproved, in Hardin county, and $100 in money. This was in October, 1864, and in February following, he commenced this suit, to rescind said contract, having tendered a deed for the land in Hardin, the $100 in money, and demanded a reconveyance of the forty. It is averred, that plaintiff had no opportunity to see the land in Hardin, that defendants represented it to be near a railroad, reasonably convenient to timber, in a good neighborhood, etc., all of which representations were false, and known to be, etc. All these allegations were denied. Upon the issue thus joined, the case was submitted, on depositions, the bill dismissed, and plaintiff appeals.

*D. C. Cloud* for the appellant.

*J. Tracy* for the appellees.

WRIGHT, J. — The testimony fails to sustain plaintiff's bill, and it was therefore very properly dismissed. To say  the least, it is left in much doubt, whether defendant ever made the representations charged. The presumption is, that the transaction was fair and honest, and as plaintiff affirms the contrary, it is his duty to sustain his allegations by sufficient proof, by such evi-

dence as will satisfy the conscience of the chancellor. When, upon all the facts, the case is left in equipoise, the party affirming must fail. *Rupert* v. *Dunn*, 1 Rich. 101.

When, however, we look at the subsequent acts of plaintiff, all fair room for doubt is removed. After his purchase, he went to Hardin county, looked at the land conveyed to him, expressed himself satisfied, and several weeks later received, without objection, the unpaid balance of the $100, which defendants were to pay him as the difference between the two tracts of land. And thus, with a full knowledge of all the facts, without fraud, mistake or imposition, he accepted the fruits of his contract. If there was fraud he knew it then as well as afterward, and yet this act is utterly inconsistent with his present theory. No explanation is attempted, nor do we well see how any could be made. Upon this subject see *Bronson* v. *Wiman*, 8 N. Y. 182; *Saratoga and Schenectady Railroad Company* v. *Row*, 24 Wend. 74; *Lloyd* v. *Brewster*, 4 Paige, 537; *Wilmot* v. *Richardson*, 6 Duer, 328; *Masson* v. *Bovet*, 1 id. 69; *Brinley* v. *Tibbets*, 7 Greenl. 70; *Lawrence* v. *Dale*, 3 Johns. Ch. 23; *Selway* v. *Fogg*, 5 Mees. &. Wels. 83.

Affirmed.