## Betsey Bosley *v.* Frances Phillips.

### April Term, 1878.

CHANCERY PRACTICE — AMENDED BILL — CONFLICTING RIGHTS. — An amended bill will not be allowed which asks alternative relief directly in conflict with the relief of the original bill, nor would the attachment and injunction sued out under the original bill enure to the benefit of the antagonistic right under the new bill.

CASE IN JUDGMENT. — A widow filed her bill to charge the defendant with a, fund alleged to have been intrusted to her for delivery to the complainant by the husband, on his death-bed, as a gift *causa mortis;* and, upon its having been held by the Supreme Court that the personal representative of the husband was a necessary party to the suit, the complainant took out letters of administration on the husband's estate, and asked leave to file an amended bill individually and as administratrix, praying relief either in her own right or in her representative capacity, which was refused.

*J. C. Guild,* for complainant.
*N. S. Brown,* for defendant.

THE CHANCELLOR : — Samuel Bosley and the complainant, both persons of color, intermarried in 1853, and lived together until 1865. In 1866, Samuel Bosley and the defend-

·ant went through the forms of a marriage, and removed to the state of Illinois; and, in March, 1867, Samuel Bosley died intestate, in East St. Louis. The original bill was filed on October 5, 1868, claiming that Samuel Bosley had, on his death-bed, intrusted to the defendant $3,010 in bank-notes, to be delivered to the complainant, which she promised to do, but had, in violation of the trust, used the money for her own purposes, and invested a portion of it in a house and lot in Edgefield. The bill set up a claim to this property on the part of complainant, by way of resulting trust, and asked that the same be attached and that defendant be enjoined from disposing of it. A *fiat* was granted, authorizing the issuance of these writs as prayed, and an attachment issued and returned levied is among the papers. The defendant answered, denying the equity of the bill, or the material facts upon which the equity rested, and much proof was taken. On the hearing of the cause, my predecessor rendered a decision in favor of complainant to the full extent of the relief sought; but the complainant was content to take a decree for the land, waiving any account for the balance of the money. The defendant appealed, and the Supreme Court reversed the decree on the ground that the administrator of Samuel Bosley was a necessary party to the suit. The court was also of opinion, upon the facts, that the cause should be remanded to this court, to be proceeded in under the Code, sec. 3170, by amendment, both parties having leave to take additional proof. This decree of the Supreme Court was, on January 8, 1874, made the decree of this court, and nothing further has been done up to the present time.

The complainant now comes into court with letters of administration on the estate of Samuel Bosley, granted to her on April 19, 1878, and asks permission to file an amended bill therewith presented. This bill states the foregoing facts, and the additional fact that the defendant has removed to the state of Kansas, having either sold the lot in contro-

versy to one Robert Sanders, or put him in possession under some arrangement between them. The bill makes Sanders a party defendant, and prays that, by the final decree, " a resulting trust be set up in said house and lot in behalf of complainant, either in her own right, or as administrator of said estate."

The complainant is, perhaps, notwithstanding the delay, entitled to bring the administrator of Bosley before the court by amended bill. Perhaps, also, although not essential to her rights, she may in the same bill bring Sanders before the court, as having acquired possession or title *pendente lite.* But it is clear that she can only have the benefit of the original bill, and the proceedings had thereunder, as against Sanders, by standing on the title therein set up. The original attachment would protect that title alone, not any new title set up by an amended bill. *Lillard* v. *Porter,* 2 Head, 177. And the injunction granted, if sued out, would only operate to protect that title. *Greenwald* v. *Roberts,* 4 Heisk. 404. The original bill rests upon the alleged gift of money by Samuel Bosley to the complainant, by the delivery to the defendant. If in fact there was no valid gift, and the money was and is the money of the estate of Samuel Bosley, the complainant has no right to it under her original bill. Her claim as donee by gift *causa mortis* is, therefore, directly antagonistic to the claim of the administrator of Samuel Bosley. She and the administrator of Samuel Bosley cannot, consequently, join in a bill to recover the money, or any property in which the money was invested, upon the well-settled doctrine of the court of chancery that distinct and hostile claims cannot be joined in one bill. *Tilman* v. *Searcy,* 5 Humph. 587. On this ground, it has been held that an amended bill will not be allowed which is directly in conflict with the relief of the original bill. *Coleman* v. *Pinkard,* 2 Humph. 185; *Lloyd* v. *Brewster,* 4 Paige, 537. And it has been repeatedly decided by our Supreme Court that the rule is not changed by the fact that the same person has the one

right as an individual and the other as administrator. *Coleman* v. *Pinkard*, 2 Humph. 185 ; *Moody* v. *Fry*, 3 Humph. 567 ; *Gilliam* v. *Spence*, 6 Humph. 163.

The bill now sought to be filed is in the name of the complainant as an individual, and as administratrix of Samuel Bosley, and asks that a resulting trust be set up in said house and lot in behalf of complainant, either in her own right or as administrator. The two rights are in direct antagonism, and cannot be set up in the same bill. The right of the administratrix is, moreover, a new right, now for the first time brought forward, and is not entitled to the benefit of the previous proceedings, either growing out of the process of attachment and injunction or the proof. The bill is, so far as the administrator is concerned, an original bill, having no connection with, and being, in fact, hostile to the rights set up in the original bill. It cannot be treated as supplementary, so as to give the administrator the benefit of the previous proceedings. *Northman* v. *Insurance Co.*, 1 Tenn. Ch. 322. The rights of the administrator against the property in controversy, if he have any, can only date from the institution of proper proceedings for the assertion of those rights.

The bill in its present shape is inadmissible, and leave to file it must be refused.