ZIPPORAH R. CLARK, Appellant, *v.* JAMES MACKIN et al., Respondents.

In an action by an assignee of a mortgage to foreclose the same it appeared that the mortgagee, after he assigned the mortgage, executed a satisfaction thereof, without consideration, and the mortgage was canceled of record; the assignment was not recorded. Subsequently the owner of the premises executed another mortgage to secure an antecedent debt, the mortgagee having notice also of the existence of plaintiff's mortgage. This second mortgage was assigned, with guaranty of payment, to two of the defendants, who purchased in good faith and without notice of plaintiff's mortgage, and had obtained judgment in an action to foreclose the same, with judgment for deficiency against their assignors. *Held*, that said defendants were entitled to a priority, but that plaintiff was equitably entitled to be subrogated to all the rights of said defendants and that such relief could be granted in this action.

Judgment, therefore, ordered, directing that upon payment to said defendants of amount due for principal, interest and costs upon their judgment, plaintiff be subrogated as aforesaid, and that said defendants assign to him their judgment, bond and mortgage, and guaranty.

Also *held,* that it was not essential to the granting of such relief that it should be demanded in the complaint, nor was it an objection that defendants' assignors were not parties.

(Argued March 5, 1884; decided March 21, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 11, 1883, which affirmed that portion of the judgment herein which dismissed the complaint as to defendants Mackin and Verplanck, which judgment was entered upon a decision of the court on trial at Special Term. (Reported below, 30 Hun, 411.)

This action was brought to foreclose a mortgage executed in February, 1856, by Jonah Miller to Abraham Impson, to secure the payment of his bond for $1,000.

Impson assigned the mortgage to Matilda Durland, April 30, 1856, she assigned it to James Durland, April 1, 1861, who assigned it to the plaintiff, January 13, 1880. None of the assignments were recorded. The premises were sold and conveyed to the defendant McNeal in May, 1863. In October, 1873, Impson executed and delivered to McNeal a satisfaction-piece of the mortgage without payment or consideration, which was duly recorded. On the 22d day of January, 1876, McNeal executed and delivered to Homer Ramsdell and others a mortgage covering the same premises, with others, for an antecedent indebtedness, and without other consideration. This mortgage was duly recorded, and was taken with notice of the existence of the mortgage in suit. This mortgage was assigned to defendants Mackin and others, as executors, for value, and without notice of the existence of the plaintiff's mortgage, and their assignment was duly recorded. In this assignment the assignors guaranteed the payment of the mortgage. Said executors have foreclosed this mortgage, and under the judgment have sold all the land covered by it, except the premises in question. Other facts appear in the opinion.

*Henry Bacon* for appellant. The mortgage to Ramsdell & Co. having been taken with actual notice of the existence of plaintiff's mortgage, and not upon the faith of the record, or an antecedent debt, was in their hands subsequent and subject to the plaintiff's mortgage. (R. S., part 2, chap. 3, § 1; *Jackson* v. *Burgott*, 10 Johns. 457; *Butler* v. *Viele*, 44 Barb. 166; *Dickerson* v. *Tillinghast*, 4 Paige, 215; *Weaver* v. *Barden*, 49 N. Y. 286; *Wood* v. *Robinson*, 22 id. 564; *Cary* v. *White*, 52 id. 138; *Young* v. *Guy*, 87 id. 457.) The respondents took only the rights which Ramsdell & Co. had under the mortgage, and it is in their hands affected by the same equities and rights as in the hands of their assignors. (*Shafer* v. *Reilly*, 50 N. Y. 61; *Trustees of Union College* v. *Wheeler*, 61 id. 88; *Greene* v. *Warwick*, 64 id. 220; *De Lancey* v. *Stearns*, 66 id. 157; *Young* v. *Guy*, 87 id. 457, 462.) The plaintiff's mortgage, having been recorded before the respondent's mortgage or assignment, was a prior lien unless affected by the recording of the satisfaction-piece. The non-recording of the assignment under which plaintiff claims did not of itself affect that lien. Neither did the recording of the defendants' assignment of itself affect that lien. (1 R. S. 756, §§ 1, 36, 37; *Purdy* v. *Huntington*, 42 N. Y. 334; *Campbell* v. *Vedder*, 1 Abb. Ct. of App. 295.) The satisfaction-piece was not a conveyance within the statutory definition of that word. (R. S. 762, § 38; *Bacon* v. *Van Schoonhoven*, 84 N. Y. 450; *Stoddard* v. *Hart*, 23 id. 556; *Trimm* v. *Marsh*, 54 id. 599; *Collins* v. *Torry*, 7 Johns. 278; *Sedgwick* v. *Hollenbeck*, id. 376.) The respondents having taken with their assignment a guaranty of payment from Ramsdell & Co., the mortgage in their hands is subject to the same equities as if in the hands of Ramsdell & Co. (*Trust Co.* v. *Nat. B'k*, 101 U. S. 68; *Omaha Nat. B'k* v. *Walker*, 23 Alb. L. J. 437.) When two funds are specifically bound for one debt, and one of the funds only bound for another debt, the other debt has a preference in the only fund to which it is entitled to resort. (*Hawley* v. *Mancius*, 7 Johns. Ch. 174; *Besley* v. *Lawrence*, 11 Paige, 581; *Geller* v. *Hoyt*, 7 How. 265; *Ingalls* v. *Mor-*

*gan, Ex.,* 10 N. Y. 178; *Taylor* v. *Dodd,* 58 id. 335.)    If the court hold that as between the present parties to the record the mortgage held by the trustees of De Witt was prior in lien to the plaintiff's mortgage, and that they were entitled to be first paid out of the proceeds, it would be the absolute legal right of the plaintiff to pay the amount due to the defendants and be subrogated to all their rights, not only in the mortgage but in the collateral security — the guaranty. (*Cole* v. *Malcolm,* 66 N. Y. 363; *Barnes* v. *Mott,* 64 id. 397; *Frost* v. *Yonkers Sv'gs B'k,* 70 id. 553; *Twombly* v. *Cassidy,* 82 id. 155; *Nat. B'k of Lansingburgh* v. *Silliman,* 65 id. 475.) Being subrogated to the rights of the trustees under the guaranty, they could enforce it against Ramsdell & Townsend. (*Allen* v. *Rightmere,* 20 Johns. 364; *Mann* v. *Ekford, Ex.,* 15 Wend. 501; *Cady* v. *Sheldon,* 38 Barb. 103.)    Ramsdell & Co., on paying on their guaranty and receiving back the bond and mortgage, would not be protected under the rights acquired by the respondents as *bona fide* holders. (Story's Eq. Jur., § 410; Daniells on Negotiable Instruments, § 805; *Quinn* v. *Fuller,* 7 Cush. 224; *Schutt* v. *Large,* 6 Barb. 373–380.)    The relation of the appellant to the respondents, if their mortgage is a prior lien, was one of *quasi* suretyship, and which entitled the plaintiff to an assignment, not only of the bond and mortgage, but also of the guaranty, upon payment of the amount due on the respondents' mortgage. (*Griswold* v. *Jackson,* 2 Edw. Ch. 461; *Hayes* v. *Ward,* 4 Johns. Ch. 122; *Bangs* v. *Strong,* 10 Paige, 11; *Paine* v. *Jones,* 76 N. Y. 274.)    The persons composing the firm of Ramsdell & Co. were not necessary parties to this action. (*Em. Ind. Svgs. B'k* v. *Goldman,* 75 N. Y. 127; *Twombly* v. *Cassidy,* 82 id. 155; *Ryerson* v. *Welling,* Ct. of App., Nov., 1883; Code, §§ 452, 488, 489.)    The plaintiff, by her assignment, acquired the rights of Durland under the mortgage while held by him. (*Varick* v. *Briggs,* 6 Paige, 323; *Myers* v. *Davis,* 22 N. Y. 489.)

*E. A. Brewster* for respondents.    The assignment of the

Ramsdell mortgage to the respondents was a conveyance within the meaning of the Recording Act. (1 R. S. 756, §§ 1, 37, 38 ; *Van Keuren* v. *Corkins*, 66 N. Y. 77 ; *Westbrook* v. *Gleason*, 79 id. 25 ; *Bacon* v. *Van Schoonhoven*, 87 id. 446 ; *Decker* v. *Boice*, 83 id. 215.) Before the respondents as holders of the Ramsdell mortgage can be charged with any duty respecting equities existing in favor of the plaintiff as against Ramsdell and Townsend, or of any equities in her favor as a younger incumbrance, actual notice of the facts out of which such equities arise must be brought home to them. (*Howard Ins. Co.* v. *Halsey*, 8 N. Y. 271 ; Baylies on Sureties and Guarantors, 256 ; *Guion* v. *Knapp*, 6 Paige, 35 ; *Gahn* v. *Niemcewicz*, 11 Wend. 312 ; *Elwood* v. *Deifendorf*, 5 Barb. 399.) The guaranty of Ramsdell and Townsend, which accompanied their assignment to respondents, was not a fund or security out of which the mortgage debt might be collected. It was a mere warranty that the mortgagor would pay ; not a promise that the guarantor would pay. (Baylies on Sureties, 4 ; *Ellsworth* v. *Lockwood*, 42 N. Y. 97 ; *Frost* v. *Yonkers Svgs. B'k*, 70 id. 553.) A mortgagee by assigning with guaranty comes under no obligation to any other mortgagee, prior or subsequent. (*Carter* v. *Holohan*, 92 N. Y. 498.) The debt from McNeal to Ramsdell & Co. being due, and Ramsdell & Co., at the time of crediting McNeal with the amount of the mortgage, having the right to enforce their claim against McNeal presently, and which right they relinquished by receiving the mortgage, and their power to collect the original debt being suspended until the mortgage came due, they parted with value which constitutes a sufficient consideration to make Ramsdell & Co. *bona fide* purchasers. (*Burns* v. *Rowland*, 40 Barb. 369 ; *Pratt* v. *Coman*, 37 N. Y. 443.)

MILLER, J. Within well-settled rules the mortgage belonging to the plaintiff was not entitled to a priority over the mortgage held by Mackin and Verplanck as executors. The assignment of the mortgage held by them was taken without any knowledge, or notice, of the existence of the mortgage

held by the plaintiff, which had been satisfied of record, and under such circumstances the plaintiff had no right to priority. The authorities settle this question beyond any controversy, and the respondents, as *bona fide* purchasers, were clearly entitled to a preference over the plaintiff's mortgage. (*Van Keuren* v. *Corkins*, 66 N. Y. 77; *Bacon* v. *Van Schoonhoven*, 87 id. 446.) It follows that no error was committed by the court in holding to this effect.

The plaintiff has, however, an equity in reference to her mortgage which should be protected, if it can be done, without impairing the rights of the respondents. In the hands of a mortgagee who had notice of the existence and of the validity of the plaintiff's mortgage, the latter would be entitled to a priority. The plaintiff should not be deprived of such equitable right because the mortgage has been assigned to other parties without notice, and no reason would seem to exist why the plaintiff, in an equitable action, should not be permitted to redeem the mortgage to Ramsdell & Co., and to acquire all the rights which passed by virtue of their assignment of the mortgage to the respondent, and the guaranty contained in the same, and to be subrogated in their place. The right of a junior incumbrancer to be subrogated in the place of a senior incumbrancer upon payment of the lien of the latter, rests upon the principle that justice and equity require that he should be entitled to the rights and securities of the senior incumbrancer. He is bound to pay the demand of the senior incumbrancer before his own can be liquidated, and upon so doing it is but equitable and just that he should be allowed to control the lien which stands in the way of obtaining the amount of his debt. (*Twombly* v. *Cassidy*, 82 N. Y. 155; *Cole* v. *Malcolm*, 66 id. 363; *Frost* v. *Yonkers Sav. Bank*, 70 id. 553.) The plaintiff, it would seem, having no knowledge of the action brought for the foreclosure of the mortgage to Ramsdell & Co., and not being a party to the same, had no opportunity to claim the equitable interposition of the court in her behalf. We see no reason why this cannot be done in the present action, and are of the opinion that a provision

should be made in the decree by which, upon payment of the respondents' mortgage and interest and the costs which have been incurred in foreclosing the same and costs in this action, they should assign the same to the plaintiff. No injury is done to the respondents by such a provision, and Ramsdell & Co. will not lose any of the legal rights which belong to them. The fact that Ramsdell & Co. are not parties cannot affect this disposition of the case. The claim of the plaintiff in the action is as against the holders of the mortgage to Ramsdell & Co., and it is not apparent that their rights can be unlawfully affected, or impaired, by a judgment directing the respondents to transfer the mortgage to the plaintiff. If this is done the plaintiff would be at liberty to take such measures, as she may be advised, for the protection of her rights as against Ramsdell & Co., and the latter parties would be at liberty to interpose such objection, or defense, as they may have to the plaintiff's claim. In this form the rights of all the parties will be fully protected and justice done. It is no objection to granting relief to the plaintiff, by directing an assignment of the mortgage to her, that no such relief is demanded in the complaint. The action was for the foreclosure of the mortgage, and the respondents were made parties because they held an alleged subsequent incumbrance upon the premises. The answer of the respondents sets up the execution of the bond and mortgage to Ramsdell & Co., and the assignment thereof to the respondents, and denies that the lien is subsequent to the mortgage of the plaintiff. No reply was necessary to this answer, and upon the trial it would appear to be entirely proper for the plaintiff to claim the right to an assignment of the bond and mortgage, and the judgment thereupon. Such a provision in the decree could not affect the rights of Ramsdell & Co., for they would be at perfect liberty to contest any claim which the plaintiff might have against them by virtue of the bond and mortgage assigned and the judgment of foreclosure upon the same.

Judgment should be modified by directing that on payment by the plaintiff to the respondents, Mackin and Verplanck,

executors, of the amount due for principal, interest and costs on the judgment recovered by them against McNeal, and the costs of this action and of this appeal, the plaintiff be subrogated to all the rights said respondents now have to said judgment and the bond and mortgage of McNeal, and upon the guaranty of Ramsdell & Co., contained in the assignment of said mortgage to said respondents, and that on said payment being made within ninety days said respondents do assign said judgment, and said bond and mortgage and guaranty to the plaintiff.

Should the plaintiff fail to make said payments the judgment should be affirmed, with costs.

All concur, except.RUGER, Ch. J., ANDREWS and DANFORTH, JJ., who are for affirmance, without modification.

Judgment in accordance with opinion.