Hatch, J.
—The learned trial court held and decided, that Frank Six and his wife, prior to to their acceptance of the purchase, under the foreclosure of the Yoght mortgage, discovered the assignment of the Joseph Bork mortgage to the plaintiffs, which had been previously recorded, and that before the payment of the purchase-price they had such notice, and held as a conclusion of law following therefrom that the land, so purchased, became chargeable with the payment of said mortgage, and so remained in their hands and the hands of their grantees.
Counsel for such defendants duly excepted to such findings and conclusions. This presents the question. In this regard, I think the learned court in error. It is undoubtedly true, that as between the plaintiffs and Joseph Bork, the land was chargeable with the payment of plaintiff’s mortgage, in Bork’s hands, as a purchaser under the foreclosure of the Aid Association mortgage. So far as the record showed, at this time, however, Bork appeared to be the owner of plaintiffs’ mortgage, and the decree of foreclosure entered in the case, cut off said mortgage as a lien. At least such is the notice which would be given to a purchaser upon an examination of the record. Here the decree operates a discharge of the mortgage, shows it to be cut off, and in this respect it differs from the case of Purdy v. Huntington (42 N. Y., 334), where there was nothing to show, but that the mortgage wás still a subsisting lien. It was in this state of the record, that George A. Yoght made his purchase. As to him the record showed perfect title in Ferris as trustee; the plaintiffs had not then recorded their assignment, and did not do so until nearly two years thereafter. Yoght then was a bona fide purchaser, for value, and with a prior recorded deed obtained good title against the whole world. Bacon v Van Schoonhoven, 87 N. Y., 446-450.
Where the court held that the assignment of a mortgage is a conveyance, and say: ‘'Such assignments, if not recorded, are void, not merely as against subsequent purchasers of the same mortgage, but, also, as against subsequent purchasers of the mortgaged premises, whose interests may be affected by such assignments, and whose conveyances are first recorded.” Clark v. Mackin, 95 N. Y., 346.
*7 Having obtained good title could he transmit it unimpaired % The question furnishes its own answer, and has •often been decided
In Hooker v. Pierce (2 Hill, 650-2), Judge Cowen said: “ They (the registry acts) were intended to affect with notice, such persons only as have reason to apprehend some transfer or incumbrance prior to their own, because none arising afterwards can, in its own nature affect them. And after they have once, on a search instituted upon this principle, secured themselves against the imputation of notice, it follows that every one coming into their place, by title derived from them, may insist on the same principle in respect to himself.” Wood v. Chapin, 13 N. Y., 509.
Where the court held that a purchaser from one who is protected by the recording act against a prior unrecorded conveyance is entitled to such protection, notwithstanding that he purchased with notice of the prior conveyance. Westbrook v. Gleason, 79 N. Y., 23-36.
In Webster v. Van Steenbergh, 46 Barb., 211-214, the court say, “A purchaser from one who is protected-by the recording act as against a prior unrecorded conveyance of the same land is himself entitled to such protection, notwithstanding he purchased with notice of the prior conveyance. Wade on Law of Notice, §§ 241, 242, pages 137-138, §§ 61, 62, pages 42, 43; Bigelow on Frauds, page 307. Gerards Titles to Real Estate, page 593.
The reason which furnishes the basis of the rule, rests in the fact, that a bona fide holder of property would be deprived of the benefits of a free market, and the value of his property be diminished in his hands. It seems to follow from this rule, and the authorities, that when Six purchased, he succeeded to the rights of Voght, as a bona fide holder, and the defendants Springholz, now occupy such velation with their land freed from the lien of plaintiff’s mortgage. The other defendants are not in a position to invoke the aid of the rule here laid down. They became purchasers after the assignment of the mortgage from Joseph Bork had been recorded, and consequently were chargeable with notice of the hen of the mortgage. They are in no sense, bona fide holders. It follows that the judgment must be reversed, as to the defendants George Springholtz and Frances Springholtz, and a new trial ordered, costs to abide event. As to the other defendants, and in all other respects the judgment is affirmed with costs.
Titus, J., concurs. Beckwith, O. J., dissents.