Barnard, P. J.
It was settled by the court of appeals (Clarke v. Mackin, et al., 95 N. Y., 346) that the mortgage given by O’Neal to Ramsdell & Co. was a superior hen to that of plaintiff while it was in the hands of Mackin and Verplank, executors of Dewint. This superiority rested upon the recording act alone, and placed the executors in a better position than Ramsdell & Go., who sold the mortgage to them. It was found then, and is found now, that Ramsdell & Co. had actual notice of the plaintiff’s mortgage when they took their mortgage, and the court of appeals, in view of the equity which this fact gave against Ramsdell, decided that the plaintiff could compel an assignment of the mortgage by the executors upon payment of the same and assert whatever rights he would acquire thereby against Ramsdell & Go. When the court of appeals made this decision, the land had been sold, and it now appears that the same was purchased in the interest of Ramsdell & Co. The Dewint executors were paid in full, not out of the lands, but by Ramsdell & Go., because they were obliged by their covenant to do so. Under this state of the facts the case is now presented. The plaintiff has a mortgage first in priority and record; this record has been destroyed by a mistaken satisfaction. Ramsdell & Co. took their mortgage with actual notice of her mortgage, but their transferee did not know what Ramsdell & Co. knew. The land has been sold and was purchased by Ramsdell & Go. in effect. The plaintiff was not a party to this foreclosure made by the executors, but the lands were sold before the decisions by the court of appeals. The bond and mortgage to which the plaintiff had a right of subrogation was not purchased by Ramsdell & Go., but was paid up under a covenant to pay the deficiency. The rule that a purchaser at a foreclosure sale takes the title of the seller even *509 if he had notice of a mortgage which the seller did not have, does not apply.
The security was itself in dispute, and the plaintiff was held entitled to it upon payment to the bona fide holder. Ramsdell got a title subject to the right of the plaintiff. It was in view of pendancy of the claim against the land by plaintiff, that the decision in the court of appeals was made, and the sale, before the court of appeals judgment, could be literally carried out by a tender to Mackin and Yerplank, executors. As between the plaintiff and Ramsdell & Co., the bond and mortgage belonged to plaintiff upon its payment. by her to the executors, and for the purpose of enforcing her own mortgage as a prior one against them, by reason of its prior place as against them. The suplemental complaint was necessaiy to make the decision of the court of appeals available, as the circumstances that existed when that decision was made had changed, and the propriety of it is res adjudícala in this court as the order permitting it was affirmed at general term. We do not think that section 829 of the Code excludes the witness O’Neal. He obtained the satisfaction of plaintiff’s mortgage, and he gave the mortgage to Ramsdell & Co.. The plaintiff called him to establish her mortgage, notwithstanding the record which apparently destroyed it; so far as the case affects Ramsdell & Co., she does not succeed to O’Neal’s title or interest. A prior mortgagee may prove notice by the mortgagor to a person who takes a second mortgage on the property without falling under this section. The plaintiff has taken nothing under O’Neal.
The judgment should, therefore, be affirmed with costs.
Dykman and Pratt, JJ., conur.