ZIPPORAH R. CLARK, Respondent, *v.* HENRY V. McNEAL et al., Appellants.

The rule that where one who has purchased real estate, with full notice of an equitable claim of another thereto, transfers it to a *bona fide* purchaser, the latter not only takes a good title, but can transfer such a title to one who purchases with full knowledge of the fact, is subject to this exception, where the transfer is back to the original purchaser, who was guilty of constructive fraud in transferring the property; if it becomes revested in him, the original equity will re-attach to it in his hands.

After the assignment of a mortgage, which was not recorded, the mortgagee, at the request of the owner of the equity of redemption, and without the knowledge or consent of the assignee, caused the same to be canceled of record. Said owner then executed another mortgage on the premises to mortgagees who had full notice of the facts; they assigned the same to *bona fide* purchasers, who foreclosed the mortgage, and on the foreclosure sale the premises were purchased by the mortgagees in the name of an agent or representative, who conveyed the same to a person having full knowledge of the equities of the holder of the original mortgage. In an action to foreclose said mortgage, *held*, that it was a lien prior to the interest of said subsequent mortgagees or the grantee of their agent; that while, upon transfer of the subsequent mortgage to *bona fide* purchasers, it became in their hands a lien prior to that of plaintiff's mortgage, owing to the protection afforded by the recording act, upon purchase of the

premises by one acting for the mortgagees, plaintiff's equity at once reattached.

Upon the trial defendant Mc.N., who executed the second mortgage, as a witness for plaintiff, was permitted to testify to conversations between him and one of his mortgagees, since deceased. This was objected to as incompetent under the Code of Civil Procedure (§ 829). *Held,* untenable, as plaintiff did not derive title to her mortgage from said mortgagor, and so the witness was not called in his own behalf or that of one who had succeeded to his interest.

(Argued April 22, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1888, which affirmed a judgment entered in favor of plaintiff, upon a decision of the court on a trial at Special Term.

This action was commenced to foreclose a mortgage, dated and recorded February 21, 1856, given by Jonah Miller to Abraham H. Impson to secure the payment of $1,000, in one year, with interest, according to the condition of a bond accompanying the same.

Said bond and mortgage were duly assigned, for value, April 30, 1856, by Impson to Matilda C. Durland, April 1, 1861, by the latter to James Durland, and January 30, 1880, by the said James Durland to the plaintiff. None of said assignments were recorded. May 1, 1863, the lands in question were conveyed to Henry V. McNeal, who, in the deed, assumed and agreed to pay said mortgage, and from the date of his purchase until February 13, 1880, he did pay the interest thereon as it became due to the holder thereof. October 1, 1873, McNeal and wife, for value, mortgaged said premises to Joseph V. Whelan to secure the payment of $2,000 and interest. This mortgage was duly recorded October 3, 1873. Subsequently, Whelan died, and the defendants Crosby are his executors. October 11, 1873, said Impson, at the request of McNeal, but without any consideration, and without the knowledge or consent of the assignees of said Impson mortgage, caused the same to be canceled of record. The plaintiff

purchased for full value, and without notice that her mortgage had been satisfied, except such as is implied from the record, which she did not examine, and upon the assurance from McNeal that it was the first lien upon the lands covered thereby. Prior to January 22, 1876, said Henry V. McNeal and one William McNeal were copartners, and as such were indebted to Homer Ramsdell & Co., a firm composed of Homer Ramsdell and George W. and James A. Townsend, in the sum of $5,000 upon a running account, to secure the payment of which, on that day, they executed to the persons comprising the latter firm, a mortgage covering, with other lands, those described in plaintiff's mortgage. This mortgage was recorded January 26, 1876, and before the same was given said Homer Ramsdell and George W. Townsend were each notified that the mortgage held by plaintiff was a subsisting and first lien upon the lands described therein. Subsequently, James A. Townsend retired from said firm and assigned his interest in said mortgage to his copartners, who thereupon organized a new firm under the same firm name, and as such held and owned said mortgage. Said assignment was dated February 4, 1876, and was recorded February 2, 1877. On the 1st of February, 1877, said Homer Ramsdell and George W. Townsend, for full value, assigned their bond and mortgage to James Mackin and others, as executors of one De Wint, and guaranteed the payment thereof. Said executors accepted said assignment, which was recorded February 2, 1877, without actual notice of the satisfaction of plaintiff's mortgage and without examination of the records in the county clerk's office. Before the commencement of this action the surviving executors of De Wint commenced an action, to which the plaintiff herein was not made a party, to foreclose their mortgage, and the usual judgment of foreclosure was, without the knowledge of the plaintiff, perfected therein on the 20th of June, 1881, with the ordinary provision for judgment for deficiency against said Henry V. McNeal, William McNeal and Homer Ramsdell, individually, and against the executors, as such, of

said George W. Townsend, who had in the meantime died. This action was commenced May 12, 1881, against all of the present defendants except Homer Ramsdell, the executors of George W. Townsend, James A. P. Ramsdell and William E. Carvey, to cancel the satisfaction of plaintiff's mortgage, and to establish the lien thereof as prior to that of the defendants. A notice of pendency was filed therein May 14, 1881. Said action resulted in a decree that the lien of the mortgage held by the executors of De Wint was prior to that of plaintiff's mortgage, but that the lien of the mortgage held by the executors of Whelan was "subject and subsequent to the lien of plaintiff's mortgage and prior to the lien" of any defendant in the action; that the satisfaction of plaintiff's mortgage was null and void, and that the same should be canceled of record. The complaint was dismissed as to the executors of De Wint. The plaintiff appealed from that part of the judgment which dismissed the complaint, but the General Term affirmed it. Upon a further appeal, however, the Court of Appeals modified the judgment by directing that the plaintiff, upon paying the amount due to the executors of De Wint on their judgment of foreclosure and the costs of this action, should be subrogated to all their rights under their said judgment, bond, mortgage and the guaranty of Homer Ramsdell & Co., and directing said executors, "on said payment being made within ninety days," to assign to the plaintiff their judgment, bond, mortgage and guaranty. Thereupon, the plaintiff paid the costs and tendered the remainder required to be paid, but the executors of De Wint declined to accept such payment, or to make the transfer, because, pending said appeals, their decree of foreclosure had been enforced by a sale, and the said Homer Ramsdell and the executors of his deceased partner had paid, in accordance with said guaranty, the amount remaining unpaid upon said bond, mortgage and judgment. At said sale the premises described in plaintiff's mortgage were struck off to one James A. P. Ramsdell for the sum of $50, but he was not present at the sale, and neither authorized

Statement of case.

nor paid said bid, which was made by the direction of said guarantors and for their benefit. The referee who conducted the sale, without receiving the amount of said bid from any-one, executed a deed to said James A. P. Ramsdell, who subsequently conveyed said premises to the defendant William E. Carvey. The negotiations which led to such purchase by Carvey were had by him with the representatives of said guarantors, who received the consideration therefor, and indemnified said Carvey from loss by reason of the claim of the plaintiff. Prior to said purchase Carvey was fully informed of the pendency of this action and of the existence of plaintiff's mortgage and of her claim to priority.

The plaintiff having filed a supplemental complaint, with proper allegations, making Ramsdell, Townsend's executors and Carvey parties, the action was tried and the court at Special Term found, among others, the foregoing facts, and as a conclusion of law, that the mortgage of the plaintiff was a valid and subsisting lien upon the lands in question, prior to the interest of any of the defendants, and that she was entitled to judgment of foreclosure and sale against all of the defendants. Judgment was entered accordingly, which upon appeal was affirmed by the General Term.

*E. Countryman* for appellants. The extension of credit upon the debt from McNeal to Ramsdell, by means of the mortgage and the goods obtained at the time, was a parting with value. (*Burns* v. *Rowland,* 40 Barb. 369 ; *Pratt* v. *Coman,* 37 N. Y. 443 ; *Bacon* v. *Van Schoonhoven,* 87 id. 446.) The purchaser at a foreclosure sale occupies the same position as to priority of liens on the property that the mortgagee held. (Jones on Mort. § 1654; *Davis* v. *Conn. Mut. L. Ins. Co.,* 84 Ill. 508; Code of Pro. § 632; *Mount* v. *Manhattan Co.,* 43 N. J. Eq. 25.) A purchaser from one who is protected by the recording act against a prior unrecorded mortgage, is himself protected, notwithstanding he purchases while having actual notice of such unrecorded mortgage. (*Lacustrine Fer. Co.* v. *Lake G. & F. Co.,* 82 N. Y. 476, 483 ; *Wood* v. *Chapin,*

3 Kern. 509; *Griffiths* v. *Griffiths,* 9 Paige, 315; *Rector* v. *Mack,* 93 N. Y. 491.)    The sale under the Mackin judgment had the same effect as it would have had had an entire stranger, without knowledge of Mrs. Clark's mortgage, been the purchaser. (*Rector* v. *Mack,* 93 N. Y. 491, 494.)    The plaintiff's position as to the executors of De Wint was that of a subsequent lienor, and a payment by her to them, as holders of a prior mortgage, would have been a redemption of the mortgage, and would have canceled the mortgage debt and discharged the guaranty. (*Ellsworth* v. *Lockwood,* 42 N. Y. 97; *Frost* v. *Yonkers Sav. Bk.,* 70 id. 553; Baylies on Sureties, 4.)    The rule concerning commercial paper, choses in action, or personal property of any description, not being prescribed by any statute, but depending upon principles of commercial law or general equity, has no application to conveyances of real estate, as affected by the recording act. (*Webster* v. *Van Steenburgh,* 46 Barb. 211; *Wood* v. *Chapin,* 3 Kern. 509.)    The testimony of Henry V. McNeal and William McNeal of conversations between themselves and George W. Townsend, now deceased, was inadmissible under section 829 of the Code. (*Foote* v. *Beecher,* 78 N. Y. 155.)

*Henry Bacon* for respondent.    Plaintiff has, and can claim, no better rights than her assignor had; nor can she be deprived of any of the rights which he possessed. (*Crane* v. *Turner,* 67 N. Y. 437, 440; *Trustees of Union College* v. *Wheeler,* 61 id. 88; *Decker* v. *Boice,* 83 id. 215; *Shafer* v. *Reilly,* 50 id. 61; *Green* v. *Warnick,* 64 id. 220; *Delancey* v. *Stearns,* 66 id. 157; *Young* v. *Guy,* 87 id. 457, 462; *Chance* v. *Isaacs,* 5 Paige, 592; *Patterson* v. *Brewster,* 4 Edw. 364.)    This action is well brought to have a judgment declaring the satisfaction piece and the record of it null and void and directing their cancellation. (*McHenry* v. *Hazard,* 45 N. Y. 580, 583; Code Civil Pro. § 1632; *Harrison* v. *Simmons,* 3 Edw. Ch. 394, 395; *Hayes* v. *Thomas,* 56 N. Y. 521.)    The effect of omitting to make the holders of the Impson mortgage parties, whether their liens are prior or subsequent to the action to

foreclose the Ramsdell mortgage, is to leave its lien undisturbed and the right to foreclose it unaffected. Actual notice is equivalent to the notice arising from the record, and a party taking conveyance or mortgage with actual notice of an existing lien is not protected by the recording acts. (2 R. S. chap. 3, § 1; *Jackson* v. *Burgott,* 10 Johns. 457; *Butler* v. *Viele,* 44 Barb. 166.) If the mortgage was given as payment, the mortgagees are not within the protection of the recording act. (*Dickinson* v. *Fillinghurst,* 4 Paige, 215; *Weaver* v. *Barden,* 49 N. Y. 286.) If given as collateral security, the mortgagees are not within the protection of the recording act because there is no proof of an express extension of the time of payment. (*Wood* v. *Robinson,* 22 N. Y. 564; *Carey* v. *White,* 52 id. 138; *Young* v. *Guy,* 87 id. 457.) The fact that Ramsdell & Co. paid on account of their guaranty the balance due to Mackin and others, trustees, does not add anything to the extent of the rights and interests of the former. (Story's Eq. Jur. § 410; Daniel on Negotiable Inst. § 805; *Quinn* v. *Fuller,* 7 Cush. 224; *Shutt* v. *Large,* 6 Barb. 373, 380; *Knick. Life Ins. Co.* v. *Nelson,* 78 N. Y. 137.)

VANN, J. The lien of plaintiff's mortgage was prior to that of the mortgage of Ramsdell & Co., before they assigned it to a *bona fide* purchaser, because they accepted the latter without actual notice of the existence of the former. But after the purchase of the Ramsdell mortgage by the executors of De Wint, in good faith and for full value, it became, in their hands, prior in lien to that of plaintiff's mortgage, owing to the protection afforded by the recording act. Upon the former appeal this court sought to protect the equity of plaintiff as against Ramsdell & Co. by permitting her to acquire the rights which the executors of De Wint had obtained by their purchase, including the guaranty contained in the assignment of the Ramsdell mortgage. (*Clarke* v. *Mackin,* 95 N. Y. 346.) Prior to the judgment of this court, however, the land in question had been sold under the decree based upon the Ramsdell mortgage, and Ramsdell & Co., had discharged their guaranty by payment of

the deficiency.   Otherwise the plaintiff could have acquired the
Ramsdell mortgage and could have been subrogated to the rights
of the holders thereof.   If a sale had been made, she would have
been entitled to have her mortgage first paid out of the pro-
ceeds, and after application of the residue upon the other mort-
gage could have collected from Ramsdell & Co. any deficiency
then remaining.   In order to accomplish the same result in the
only way then available, a supplemental complaint was filed
and the parties who were necessary, owing to the change of
circumstances, were brought in.   Upon the trial of the new
issues, the court found that Ramsdell & Co. were virtually the
purchasers at the foreclosure sale, and that the defendant
Carvey took title from their representative upon being indem-
nified by them against loss by reason of plaintiff's claim to
priority, of which claim he was fully informed.   The situation
is, therefore, the same as if Ramsdell & Co. now owned the
premises through a purchase in their own names under the decree
of foreclosure.   The question presented is, whether such a
purchase by them, under all the circumstances, would give
them a title free from the lien of plaintiff's mortgage.   The
appellants claim that it would, upon the ground that
a purchase from one who is protected by the recording
act against a prior unrecorded mortgage is himself protected,
even if he had actual notice at the time of his purchase.   It is
clear that a sale to anyone except Ramsdell & Co., or their
representative, would have destroyed the lien of plaintiff's
mortgage.   But a sale to Ramsdell & Co., or to one who pur-
chased for them, would not have this effect.   As the lien of
their mortgage, while they held it, was subject to that of the
plaintiff's, so their title acquired under that mortgage would
be subject to the same lien.   By selling the mortgage they did
not destroy plaintiff's equity, but simply prevented her from
asserting it against a *bona fide* purchaser.   If they had after-
ward bought the mortgage, the equity would have at once
re-attached, and when they bought the land upon a sale under
the mortgage, the equity of plaintiff's lien forthwith revived.

It is a familiar principle that where one purchases with full

notice of the equitable claim of another to the same property, he will not be permitted to protect himself against that claim, but his own title will be postponed and made subservient to it. This is upon the ground that he is guilty of constructive fraud. If, however, he transfers to a *bona fide* purchaser, the latter not only takes a good title, but can transfer a good title even to one who purchases with notice of the facts, as otherwise the *bona fide* purchaser could not get the market-value of his property. To this general rule, however, there is an exception. The principle of protection does not extend to the one guilty of the constructive fraud, even if he purchases from a *bona fide* purchaser.

The rule as stated in Story's Equity Jurisprudence (§ 410) is, "that it is wholly immaterial of what nature the equity is, whether it is a lien or an incumbrance, or a trust or any other claim; for a *bona fide* purchaser of an estate, for a valuable consideration, purges away the equity from the estate, in the hands of all persons who may derive title under it, with the exception of the original party, whose conscience stands bound by the violation of his trust and meditated fraud. But if the estate becomes revested in him, the original equity will re-attach to it in his hands."

The rule and the exception are laid down in Pomeroy's Equity Jurisprudence (§ 754), as follows: "If the title to land, having passed through successive grantees, and subject in the hands of each to prior outstanding equities, comes to a purchaser for value and without notice, it is at once freed from these equities; he obtains a valid title, and, with a single exception, the full power of disposition. This exception is, that such a title cannot be conveyed, free from the prior equities, back to a former owner who was charged with notice."

The authorities are uniform upon the subject, so far, at least, as they apply to the facts of this case. (*Schutt* v. *Large*, 6 Barb. 373, 380; *Ely* v. *Wilcox*, 26 Wis. 91; *Church* v. *Ruland*, 64 Pa. 432; *Quinn* v. *Fuller*, 7 Cush. 224; *Kost* v. *Bender*, 25 Mich. 515; Daniel on Negotiable Inst. § 805.)

The appellants insist that the witnesses McNeal should not

have been permitted to testify to conversations between themselves and George W. Townsend, deceased, upon the ground that such evidence was inadmissible under section 829 of the Code of Civil Procedure.

We think the evidence was competent. The plaintiff did not derive her title to the mortgage through either of the McNeals. Neither of them ever owned it. They were not called in their own behalf, nor in behalf of a person who had succeeded to their interest. The action could not have so resulted as to add to or take from their liability. One of them was not a party to the action, and the other interposed no defense.

The judgment should be affirmed, with costs.

All concur, except Brown, J., not sitting.

Judgment affirmed.