Louis E. Woods, Plaintiff, *v.* Lucien N. Sizer and Her-
bert A. Church, Agent, Defendants.

(Supreme Court, St. Lawrence Trial Term, February, 1918.)

Counterclaim — when allowed — negotiable instruments — assignments
— pleading.

In an action upon a promissory note assigned to plaintiff by
the payee after maturity and while he was not a holder in due
course, a counterclaim in favor of the defendant maker against
the payee existing at the time of the assignment must be
allowed.

Action upon a promissory note.

J. W. Shea, for plaintiff.

Frank L. Cubley, for defendant Sizer.

BORST, J.   The question presented in this case is as to whether the defendant's counterclaim should be allowed against the note on which plaintiff sues.   The defendant made his note for value to the order of one Church.   Thereafter and before the note became due Church transferred it to a bank.   It was not paid when due and Church took it up and by transfers from him it has passed to the plaintiff.   While the note was held by the bank, the defendant and Church, the payee, had dealings, the amount of which has been fixed by the jury and the stipulations of the attorneys.   The payee taking the note from the bank after maturity and defendant holding his claim at that time against him, can the latter transfer except subject to the counterclaim of defendant?

It is stated in 8 Corpus Juris, 487, " Where the payee of a note sells it to an innocent third person and repurchases it for value, he does not thereby become possessed, as a bona fide purchaser, of any better right as against the maker than he possessed in the first instance."   This seems to be the accepted principle controlling in such cases.   *Kost* v. *Bender*, 25 Mich. 515; *Shade* v. *Barnes Bros.*, 151 N. W. Rep. 42; *Chester* v. *Dorr*, 41 N. Y. 279; *Eckhert* v. *Ellis*, 26 Hun, 663; Daniels Neg. Inst. (5th ed.) §§ 802–805; *Devlin* v. *Brady*, 36 N. Y. 531; *Andrews* v. *Robertson*, 111 Wis. 334; 54 L. R. A. 673; *Clark* v. *McNeal*, 114 N. Y. 287; *Koehler* v. *Dodge*, 31 Neb. 329; *Brandhoefer* v. *Bain*, 45 id. 781; *Sawyer* v. *Wiswell*, 9 Allen, 39; *Erie Boot & Shoe Co.* v. *Eichenlaub*, 127 Penn. St. 164.

The payee of the note, therefore, when he took it from the bank held it subject to the claims existing

against him in favor of the maker to the same extent as though he had not transferred it.

The Code of Civil Procedure (§ 502, subd. 2) provides that a counterclaim may be allowed, "If the action is upon a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff after it became due, a demand, existing against a person who assigned or transferred it, after it became due, must be allowed as a counterclaim, to the amount of the plaintiff's demand, if it might have been so allowed against the assignor, while the note or bill belonged to him."

As the note was assigned by the payee after it was due and while he was not a holder in due course, the counterclaim of the defendant must be allowed against the note in the hands of the plaintiff.

This case having been taken from the jury by consent of the parties to be determined by the court, a draft decision may be submitted in accord with this memorandum.

Judgment accordingly.