CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent, *v.* JACOB S. CORNWELL, ANN D. CORNWELL, CATHARINE D. CORNWELL and ANDREW G. CORNWELL, by their Guardian ad litem, Appellants, Impleaded with Others.

*Foreclosure of a lien — pleading — a single cause of action — a former owner of the lien an unnecessary party to its enforcement.*

A complaint alleged that the plaintiff's right to a mortgage lien arose by virtue of a mortgage executed to it by the then owner of the fee, and also by reason of money borrowed from him, for the purpose of paying valid liens then existing, and applied in payment thereof, and prayed for judgment foreclosing the mortgage, and also in case it was found that at its date the mortgagor was not the owner of the fee, that the discharge of the prior liens paid with the plaintiff's money be set aside, and the liens be restored and foreclosed.

*Held,* that the complaint stated but a single cause of action.

When all of the interest of the former owner of a lien has been divested, either by formal assignment or by operation of law, he ceases to be a necessary party to an action for its enforcement.

APPEAL by the defendants, Jacob S. Cornwell, Ann D. Cornwell, Catharine D. Cornwell and Andrew G. Cornwell, from an interlocu-

tory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 15th day of April, 1893, overruling the defendants' demurrer to the plaintiff's complaint.

*Arthur Furber*, for the appellants.

*John M. Bowers*, for the respondent.

FOLLETT, J. :

The appellants demurred to the complaint on two grounds : (1) That two causes of action have been improperly united, and (2) that there is a defect of parties defendant because the former owners of the prior liens sought to be restored and enforced are not made parties.

The relief sought by this action is an adjudication that the plaintiff has a lien on the land for $22,000 which it is entitled to enforce as against the borrower and all persons having subsequent liens. It is alleged in the complaint that plaintiff's right to a lien arose by virtue of a mortgage executed to it July 3, 1889, by the then owner of the fee to secure the payment of said sum, and also, because the money was borrowed for the purpose of paying valid liens then existing and that it was applied in payment of those liens. A judgment is asked for the foreclosure of the last mortgage, and also, in case it is found that at its date the mortgagor was not the owner of the fee, that the discharge of the prior liens paid with plaintiff's money be set aside, the liens restored and foreclosed. These allegations constitute but a single cause of action, the existence of a lien for $22,000 and the right to enforce it. The fact that the lien is alleged to exist by reason of several instruments all affecting the same property and parties does not constitute two causes of action. Suppose the plaintiff, when it had loaned its money, had paid it directly to the holders of the liens, taken assignments of those liens and held them, together with its new mortgage as security for the loan, could it be maintained that all of these securities affecting the same property and persons could not be foreclosed in one action, or that by being set forth in the complaint that it contained two causes of action which could not be united? We think not. The complaint contains allegations showing that the plaintiff is entitled to be subrogated to the rights of the holders of the former

liens, which allegations the appellants by their demurrer admit. This being so, the plaintiff is the equitable owner of these liens and may enforce them the same as if they had been formally assigned. to the plaintiff. When a debtor gives his note for a liability previously contracted the creditor may, in an action brought to recover the amount due, allege that the debt exists by virtue of the last promise, the note, and that it also exists by reason of a sale of property, and a recovery may be had on the original consideration or on the last promise. In such a case but a single cause of action is set out. The first ground of the plaintiff's demurrer is untenable.

The former owners of the liens paid off by the plaintiff's money are not necessary parties to this action for the reason that all of their rights are as effectually vested in the plaintiff as though the liens had been formally assigned to it. (*Ellsworth* v. *Lockwood,* 42 N. Y. 89–96; *Lidderdale* v. *Robinson,* 2 Brock. 159; affd., 12 Wheat. 594; *Robinson* v. *Leavitt,* 7 N. H. 73; *Rigney* v. *Lovejoy,* 13 id. 247–252; *Wilson* v. *Kimball,* 27 id. 300–307; Pom. Eq. Juris. § 1211.)

In law the word "subrogation" denotes putting a third person who has paid the amount due the creditor in his place. There are two kinds of subrogation: (1) Conventional; and (2) legal. A conventional subrogation occurs when the creditor formally transfers his claim to a third person. A legal subrogation arises when, by operation of law, a third person becomes equitably entitled to stand in the place of the creditor. The latter mode of subrogation as effectually divests the creditor of his title to the debt or security and vests it in the third person as the former. (See cases above cited.)

It is well settled that an assignor of a mortgage who has no remaining interest in it is not a necessary party to an action brought to foreclose it. (*Whitney* v. *McKinney,* 7 Johns. Ch. 147; *Slee* v. *Manhattan Company,* 1 Paige, 48–52; *Ward* v. *Van Bokkelen,* 2 id. 289; *Topping* v. *Van Pelt,* Hoff. Ch. 545; *Bloomer* v. *Sturges,* 58 N. Y. 168, 175; *Clark* v. *Mackin,* 95 id. 346.) When all of the interest of a former owner of a lien has been divested, no matter whether by a formal assignment or by operation of law, he ceases to be a necessary party to an action for its enforcement. The appellants' second ground of demurrer is not well taken.

The judgment should be affirmed, with costs, with leave to the appellants to withdraw their demurrer on payment, within twenty days, of the costs included in the interlocutory judgment and the costs of this appeal.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs, with leave to the appellants to withdraw their demurrer on payment, within twenty days, of the costs included in the interlocutory judgment and the costs of this appeal.