(117 App. Div. 215)

COHN–BAER–MYERS & ARONSON CO. v. REALTY TRANSFER CO. et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

1. PLEADING—COMPLAINT—THEORY OF ACTION—ALTERNATIVE RELIEF.

To maintain an action in equity on the theory of alternative relief, such relief must be asked against the same defendant or defendants, and not against one defendant if one state of facts be found, and against the other if another state of facts be found.

2. DISMISSAL AND NONSUIT—MISJOINDER OF PARTIES.

A complaint stating a cause of action against one defendant will not be dismissed as to him because stating no cause of action against the other defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 95.]

3. VENDOR AND PURCHASER—ASSIGNMENT OF CONTRACT FOR PURCHASE—ACTION
BY VENDEE AGAINST ASSIGNEE—SUFFICIENCY OF COMPLAINT.

The complaint of one who, having a contract for purchase of land, assigned it to defendant, with an agreement that, if defendant failed to obtain title to the premises in accordance with the contract without fault on its part, the assignment should be annulled, and any rights passing under it be reassigned to plaintiff, states no cause of action, either to recover profits lost by the contract not being carried out, or for a reassignment of the contract; it not being alleged whether or not the failure of defendant to obtain title was due to its fault.

4. PLEADING—AIDER OF COMPLAINT BY ANSWER.

A complaint is not aided by an allegation of the answer which is denied by the reply.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1343–1347.]

Laughlin and Patterson, JJ., dissenting in part.

Appeal from Special Term, New York County.

Suit by the Cohn-Baer-Myers & Aronson Company against the Realty Transfer Company and Mary J. Cunningham. From a judgment entered pursuant to a decision of the court on the trial of the issues, dismissing the amended complaint as against each defendant, plaintiff appeals. Affirmed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Edward W. S. Johnston, for appellant.

, Benjamin N. Cardoso, for respondent Realty Transfer Company.

Daniel Daly, for respondent Cunningham.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN in the opinion that this action cannot be maintained upon the plaintiff's theory of alternative relief, as such an action is only justified where, on the facts stated, a plaintiff would be entitled to the alternative relief demanded against the same defendant or defendants. As I understand it, neither at common law nor under the Code of Civil Procedure can a plaintiff join two defendants upon a claim that he has a right to relief against one or the other of said defendants. Clark v. Lord Rivers, L. R. 5 Eq. Cas. 91. If, however, the complaint alleges facts from which there follows the legal conclusion that the plaintiff is entitled to relief against a defendant named, the complaint can be sustained against the defendant, against whom the plaintiff is entitled to relief, either legal or equitable. But the difficulty with this complaint is that no facts are alleged which show that the plaintiff is entitled to relief against either defendant. As against the defendant Cunningham there is no allegation to show that the plaintiff or its assignee would be entitled to a decree for specific performance or that there was a breach of his contract to convey. Nor does the complaint allege facts from which the legal conclusion that the plaintiff is entitled to any relief against the defendant Realty Transfer Company would follow, as it is not alleged that the failure of the Realty Company to obtain title to the property covered by the contract between the plaintiff and defendant Cunningham was or was not the fault of the Realty Company. If the Realty Company without justification refused to

take title, the plaintiff would have an action at law to recover its damages as for a breach of a contract; but to sustain such a cause of action a breach must be alleged.

The assignment by the plaintiff to the Realty Company provides that, "should the Realty Transfer Company fail to obtain title to the aforesaid premises in accordance with the aforesaid agreement, without fault on the part of the said Realty Transfer Company, then this assignment shall be canceled and annulled, and any interest or rights passing hereunder shall be reassigned and retransferred to" the plaintiff; and it was upon this contingency that the plaintiff was to return the $4,000 paid on the execution of the contract to the Realty Company. The plaintiff alleges no facts that would justify a judgment for a reassignment of this contract by the Realty Transfer Company or justify a specific preference of that agreement, as it fails to allege that the Realty Transfer Company failed to obtain title to the premises without fault on its part. It is quite clear that the complaint was not framed upon any such theory, as no demand for such reassignment was made, and there is no offer to pay the $4,000, nor is it tendered by the complaint. While it may be that a tender before the commencement of the action is not essential to maintain an action in equity, when a party entitled to an assignment or conveyance of property upon the payment of a sum of money comes into court to enforce that right, the complaint must at least offer to pay the amount payable upon the transfer asked for.

Recognizing the liberal rule of pleading prevalent in this state, to which Mr. Justice LAUGHLIN calls atention, I still think that, to entitle the plaintiff to relief either at law or in equity, the complaint must state facts from which the legal conclusion follows that the plaintiff is entitled to some relief; and the complaint in this case failing to state such facts, the action could not be maintained. The allegation in the answer of the defendant Realty Company, which in substance alleges that the defendant Cunningham could not convey a marketable title to the property contracted to be conveyed, is an allegation made as a basis for affirmative relief against the plaintiff by the defendant Realty Company; and the plaintiff, by the reply, denied this allegation. The plaintiff cannot sustain a cause of action upon an allegation in an answer of a defendant which he specifically denied by the reply. I think the condition of the pleadings at the trial justified the court in dismissing the complaint as against both defendants.

The judgment appealed from should be affirmed, with costs.

CLARKE and HOUGHTON, JJ., concur.

LAUGHLIN, J. (dissenting). The complaint was dismissed on motion of defendants separately made, on the pleadings and opening of counsel for plaintiff at the commencement of the trial, on the ground that it fails to state facts sufficient to constitute a cause of action of which a court of equity has jurisdiction. The plaintiff and the defendant company are domestic corporations. The defendant Cunningham duly contracted, in writing, to sell and convey to the plaintiff

certain premises therein described, situate in the borough of Man-
hattan, in the city of New York, and bounded, so far as material to
this case, northerly by 141st street; easterly by the former northwest-
erly line of Bloomingdale Road and the northwesterly line of Hamilton
Place, and southerly by 140th street. The easterly boundary of the
premises so contracted to be conveyed was specified in the contract to
be the northwesterly line of Hamilton Place and the northwesterly
line of Bloomingdale Road, as it formerly existed. The contract,
after the description of the main parcel by metes and bounds, contains
the following provision:

"Together with all the right, title, and interest of the party of the first part
of, in, and to the land formally included in said Bloomingdale Road, and
lying beween the northwesterly line thereof and the northwesterly line of
Hamilton Place, and immediately adjoining said above-described premises."

The plaintiff alleges that this constitute. a representation and war-
ranty that the vendor had an easement of light, air, and access in and
to the parcel lastly herein described. The plaintiff, for a bonus or
advance of $9,000, $4,000 of which was paid in cash and $5,000 was
to be paid when title passed, by an instrument in writing duly assign-
ed the contract to the defendant company, and in the assignment re-
quested and directed the vendor to execute the deed to the defendant
company, and covenanted that, if so required by the vendor, it would
execute the bond and mortgage which it had agreed to execute to her.
The assignee of the contract in substance agreed to perform the same
for the assignor. The complaint shows that it was expressly agreed
that if the assignee, without fault on its part, should fail to acquire
title under the contract, the assignment "should be canceled and an-
nulled, and any interest or right passing under the said agreement"
between the plaintiff and the defendant company "should be reassign-
ed and retransferred to this plaintiff, and simultaneously therewith
this plaintiff should return and refund to said Realty Transfer Com-
pany" the sum of $4,000 paid by it to plaintiff thereunder, and should
also pay to it the reasonable charge for searching the title and neces-
sary disbursements, or else transfer to it the right to collect the same
from the vendor; that at the place prescribed in the contract between
the vendor and vendee for performance thereof, and at a time to which
performance had been postponed by their consent and the consent of
the assignee, the vendor tendered to the assignee a deed of the premi-
ses and presented to it three bonds and mortgages, as prescribed in
the contract, and requested the execution thereof by it, but that the
assignee tendered the balance of the purchase price payable in cash
and rejected the title, upon grounds in substance, omitting those waived
by it, as follows: (1) That the vendor had not, by record or other-
wise, an easement of light, air, and access in and to said strip of land
lying to the east, alleged to have been formerly part of Bloomingdale
Road, and that her representation in the contract that she had was un-
true; (2) that the premises were subject to a restrictive covenant pro-
hibiting the erection or use of a steam engine in any house thereon
other than a private dwelling, hotel, or apartment house, and (3) are
subject to covenants contained in Liber 1058 of Conveyances at page

452 and restrictive covenants, other than those specified in the contract; and (4) that the deed tendered was not in compliance with the contract, in that it did not contain the representations as to the easement of light, air, and access provided for in the contract. The plaintiff further alleges that thereupon it employed the Lawyers' Title Insurance Company, a domestic corporation engaged in examining and insuring titles, to examine the title, and it reported to plaintiff, in substance, that the title was objectionable upon all of said grounds upon which it was rejected by the defendant company, and that it would not insure the title; that plaintiff was also advised by counsel that said objections to the title "are of such gravity and weight as to render it extremely doubtful whether the title to said premises is marketable or unmarketable, and that it would not be safe or proper for this plaintiff to take title to said premises without the said objections having been passed upon by some court of competent jurisdiction"; that plaintiff relied upon the act of its assignee in rejecting the title, and thereafter itself rejected the title upon the same grounds. The plaintiff further shows the amount it has necessarily expended in having the title examined, and that it does not know what expenses its assignee has incurred for the like purpose, and the value of the premises at all times between the date of the contract and the rejection of the title by the assignee. The plaintiff further alleges that it is unable to determine whether the inability to obtain title was without the fault of its assignee, and that plaintiff will be remedi'ess in the premises, or will be put to a multiplicity of actions, unless the court exercise its equitable jurisdiction and decides whether said objections to the title were good or bad, and whether said title is marketable or unmarketable.

The substance of the prayer for relief is (1) that the marketability of the title be adjudged, and that it be adjudged whether the inability of the assignee to obtain title was without its own fault; (2) that if the title be marketable, and the assignee was at fault in rejecting it, the vendor and assignee be decreed to perform, and that the latter be adjudged liable to plaintiff for $9,000, the profit it was to receive, together with interest thereon and its expenses incurred in the examination of the title, and, in the event of the failure of the assignee to perform for plaintiff according to its agreement, that plaintiff have judgment against it for the further amount of plaintiff's liability to the vendor; (3) that, if the title be unmarketable, the assignment of the contract of sale be canceled, and it be decreed that the assignee retransfer and reassign to plaintiff any interest or rights acquired thereunder upon payment by plaintiff of the $4,000 paid to apply thereon, and of the reasonable expenses incurred by the assignee, and that the plaintiff recover of his vendor $4,000, the amount paid by him under the contract to apply on the purchase price, and the further sum of $9,000, that being the amount of profit lost by plaintiff on his contract with the Realty Company, and also the costs and expenses incurred by plaintiff and by its assignee in examining and passing upon the title, and that the aggregate of the amounts for which plaintiff

demands judgment against the vendor be made a charge and lien upon the property.

The answer of the defendant Cunningham, after admitting most of the material allegations of the complaint and denying those not admitted, sets up as a separate defense, alleging the conclusions of fact, that she duly tendered full performance on her part, both to the assignee and later on to plaintiff, which tenders were refused, and she demands a dismissal of the complaint. The answer of the defendant company put in issue certain allegations of the complaint, admitted that the company rejected the title as alleged, alleged that it tendered to plaintiff and to the vendor all money that it was required to tender under the contracts, and set up two counterclaims, in one of which it alleges that it was induced to accept the assignment of the contract by false representations, and in the other it alleged that the title to the premises was unmarketable for the reasons upon the grounds stated in its objections thereto, which have already been set forth, for which reason neither the vendor nor vendee was able to carry out the contract, and that the rejection of the title was justified; and it prayed for judgment dismissing the amended complaint, annulling the assignment of the contract, adjudging that it was justified in rejecting the title, and awarding it judgment against the plaintiff for the amount paid on the contract and damages, besides costs.

Counsel for the plaintiff, in his opening and in the discussion following the motion for a dismissal of the complaint, stated, in substance, that the parcel of land which the vendor agreed to quitclaim, and with respect to which the plaintiff claims she represented and warranted that she had an easement of light, air, and access, consisted of a triangular piece bounded northerly by the southerly line of 141st street about 3½ feet, bounded easterly by the northwesterly line of Hamilton Place, and westerly by the former northwesterly line of Bloomingdale Road, and terminating southerly about the middle of the block where the easterly and westerly boundary lines intersect. On the motion to dismiss the complaint, it was pointed out that the plaintiff, according to the allegations of its complaint, had not made a decision as to whether its vendor or its assignee was at fault, and that therefore it had not alleged a cause of action against either. No motion was made to amend the complaint. The learned counsel for the appellant draws attention to the rule that the objection that a suit in equity will not lie and that the plaintiff has an adequate remedy at law must be taken by answer, which was not done in this case. The dismissal of the complaint, however, does not rest upon the ground that the plaintiff has an adequate remedy at law or that a court of equity has not jurisdiction of the subject-matter of the action. The dismissal was urged, and is sought to be sustained, upon the ground that, examined in the light that the trial court was called upon to view the complaint when each defendant moved separately for a dismissal upon the ground that it did not state a cause of action, it is found insufficient.

The learned counsel for the appellant concedes that, if his client had not assigned the contract, it would be obliged to take a definite stand, and, in order to recover back the money paid to the vendor, it would be obliged to allege and prove that the title tendered was un-

marketable, and, if it failed, it could not now, having rejected the title, obtain a specific performance from its vendor, and such seems to be the law, based upon principle and authority (Steinhardt v. Baker, 163 N. Y. 411, 57 N. E. 629) ; but he contends that the situation is changed, owing to the assignment of the contract and the action taken by the assignee thereof. The assignment of the contract, of course, cannot enlarge the rights of the plaintiff as against its vendor. Since the plaintiff cannot, as against the vendor, owing to its refusal to take title, have a decree for specific performance, even though the title be good, it is difficult to discern what relief, if any, may be afforded the plaintiff in this action against the vendor. It could maintain an action against the vendor to cancel the contract and recover back the purchase price and the reasonable expenses of examining the title, if it owned the contract and alleged a breach (Bruner v. Meigs, 64 N. Y. 506, 515), which, however, it does not. However, if a good cause of action in equity is stated against either defendant, the dismissal of the complaint in favor of both cannot be sustained.

No question of improper joinder of parties defendant was presented by the motions upon which the complaint was dismissed, nor could such objection be taken, even by demurrer, as it does not concern one defendant, if a good cause of action is stated against him, that another defendant has been joined against whom no cause of action is set forth. Crosby v. Berger, 4 Edw. Ch. 210; New York & New Haven R. R. Co. v. Schuyler et al., 17 N. Y. 592; McIntosh v. Ensign, 28 N. Y. 169. It remains, therefore, to be seen whether a cause of action is shown against the defendant company, and, if so, whether the vendor is a necessary or proper party thereto. It is quite clear that the plaintiff does not allege whether the title was marketable or not, and it is claimed by the learned counsel for the respondents that the plaintiff does not even allege the essential facts upon which its marketability depends. Under the liberal rule for the construction of pleadings that obtains in this jurisdiction, and which is still more liberal when the question, instead of being raised by demurrer, is presented by motion to dismiss on the trial (Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263; Kain v. Larkin, 141 N. Y. 150, 36 N. E. 9), I am of opinion that the complaint was sufficient to admit proof upon the trial to show that the facts stated in the objections to the title were true. If this be doubtful, however, on the complaint standing alone, the objection is removed by the answer of the defendant company, which specifically avers that the facts stated in the objections were true and that the title was defective, and prays for an adjudication thereon canceling and annulling the contract, and that it was justified in rejecting the title, and for the relief to which it would be entitled under the contract upon that theory. Jacquelin v. Morning Journal Ass'n, 39 App. Div. 515, 57 N. Y. Supp. 299; Miller v. White, 4 Hun, 62; Cohn et al. v. Husson, 113 N. Y. 662, 21 N. E. 703.

It is further objected that the plaintiff must decide for itself, before suing, whether the title was good or bad, and that it cannot come into a court of equity, in effect, for advice as to whether the title was marketable. The learned counsel for the appellant does not contend that

his client is entitled to the advice or direction of the court, as is a trustee in certain cases, and he disclaims that the action was brought or presented on that theory that the advice of the court is sought upon any ground. His claim is that facts are alleged in the complaint showing that the plaintiff is entitled to some relief, but that the form and nature of the relief depends upon the decision of the court as to whether the title was marketable and properly rejected, or unmarketable and improperly rejected. If the title was marketable, he contends that, as against the defendant company, his client is entitled to specific performance of the contract as between them at least, even though, on account of the refusal of both to take the title, specific performance may not be decreed as against the vendor, and that, if the title be not marketable, his client is entitled to have the assignment canceled and the contract reassigned to it by the defendant company, so that it may be in a position to perform, if performance be demanded by the vendor, and to recover the purchase money paid and the expenses of examining the title in any event. In either event, therefore, he claims that plaintiff is entitled to equitable relief against the defendant company; but, being in doubt as to the law of the marketability of the title, which will control the form and nature of the relief, he presents the case in a double aspect, without alleging which is right, and prays for relief in the alternative, but founded on the same facts, and therefore not inconsistent, depending only on whether it is held that the title was marketable or unmarketable.

This form of pleading in equity prevailed long before the Code, and is still sanctioned. McCosker v. Brady, 1 Barb. Ch. 329, affirmed 1 N. Y. 214; Belmont v. O'Brien, 12 N. Y. 400; Lloyd v. Brewster, 4 Paige, 537; Colton v. Ross, 2 Paige, 396; Evans v. Burton, 5 N. Y. St. Rep. 216; Schiffer v. Lauterbach, 7 App. Div. 231, 40 N. Y. Supp. 40; Matter of Patterson, 79 Hun, 377, 29 N. Y. Supp. 451; Redmond v. Dana, 3 Bosw. 615; Daniell's Chancery Pr. (6th Am. Ed.) vol. 1, pp. 384, 385; Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771, 28 L. Ed. 1141; Black v. Henry G. Allen Company (C. C.) 42 Fed. 618, 9 L. R. A. 433; Halsey v. Goddard (C. C.) 86 Fed. 25. But the alternative relief must be demanded against the same defendant or defendants. Clarke v. Lord Rivers, L. R. 5 Eq. Cas. 91. In many cases pleadings in equity, presenting the case in a double aspect and demanding alternative relief, have been sustained where, if the plaintiff failed to establish certain facts alleged which would entitle him to equitable relief, he claimed in the alternative other equitable relief upon other facts alleged. Conn. Mut. Life Ins. Co. v. Cornwell, 72 Hun, 199, 25 N. Y. Supp. 348; Redmond v. Dana, supra; Rilgour v. New Orleans Gaslight Co., 2 Woods (U. S.) 144, Fed. Cas. No. 7,764; Bagot v. Easton, 6 Ch. Div. 1; Davis v. Otty, 2 De G., J. S. & S. 237; Caldwell v. King, 76 Ala. 149; Fisher v. Moog (C. C.) 39 Fed. 665; Rockwell v. Morgan, 13 N. J. Eq. 384. This court has recently held that a complaint is good which demands alternative relief, even on inconsistent facts, on plaintiff's failure or inability to sustain one theory, in which event he demands relief upon the other theory. Hasberg v. Moses, 81 App. Div. 199, 80 N. Y. Supp. 867, and cases cited.

We agree with the contention of the learned counsel for the respondents that the plaintiff does not show ignorance of material facts specially or peculiarly known to the defendants, which would, under the former equity practice, entitle it to a discovery of the facts (Lloyd v. Brewster, supra; Wilkinson v. Dobbie, 12 Blatchf. [U. S.] 298, Fed. Cas. No. 17,670), even if that form of complaint would in any case be now permissible under our Code of Civil Procedure, which is doubtful, since it is required that the complaint shall state the material facts, and a remedy by an examination of the defendant to enable the plaintiff to frame a complaint has been provided as a substitute for the old bill of discovery.

The plaintiff, however, as already stated, claims to have alleged all of the material facts upon which the marketability of the title depends. If, however, the title was marketable, and the defendant company was at fault in rejecting it, it may be doubtful whether the plaintiff has a cause of action against the defendant company in equity for specific performance, since he would only be entitled to a judgment for damages for breach of contract. Upon this theory of the case, I doubt whether the plaintiff's vendor could be brought into the action, and compelled to litigate in this action her claim for damages, or her right, if she should see fit to assert the right, to a specific performance of the contract as against the plaintiff. On the other hand, if the title was not marketable, the plaintiff would be entitled as against the defendant company to a cancellation and reassignment of the contract. The contract contemplated a formal cancellation and reassignment in the event that the assignee should, without its own fault, be unable to obtain title. This, therefore, was the agreement of the parties, and it may be essential to the plaintiff's right to recover of the vendor the down payment and expenses of examining the title; for those rights have passed to the defendant company by the assignment, and, moreover, plaintiff is entitled to be in a position to perform, should its vendor assert the marketability of the title and demand performance. It may well be that a court of equity would not take jurisdiction merely to cancel and annul the assignment (Globe Ins. Co. v. Reals, 79 N. Y. 202; Town of Springport v. Teutonia Savings Bank, 75 N. Y. 397); but here special facts and circumstances exist which render it proper that the defendant company should be compelled to execute and deliver a reassignment of the contract in accordance with the express agreement of the parties, and this it has jurisdiction to do (McHenry v. Hazard, 45 N. Y. 580; Hamilton v. Cummings, 1 Johns. Ch. 517; Met. El. R. Co. v. Manhattan El. R. Co., 11 Daly, 373).

The defendant company, in its answer, alleges that it has demanded the amount for which, upon this theory of the case, the plaintiff is liable to it, and that the plaintiff has refused to pay the same. These allegations are denied in the reply. That, however, if true, would only indicate that perhaps the plaintiff might have obtained a reassignment without going into court, but does not bar its right; for, under the contract, the plaintiff was under no obligation to make the payment until the defendant company reassigned the contract. The failure of the plaintiff to demand a reassignment of the contract before

bringing the action may be a ground for refraining from allowing it costs; but it is not a bar to equitable relief. I am of opinion, therefore, that upon the theory of the complaint which is fairly to be inferred from the allegations, and which is supported and sustained by the answer of the defendant company, the suit can be maintained in equity against the defendant company for a cancellation and reassignment of the contract. Inasmuch as the vendor in her answer makes no demand for specific performance, and her only prayer for relief was for a dismissal of the complaint, I am of opinion that the complaint was properly dismissed as against her, for the reason that she was not a necessary party to the action as between the plaintiff and the defendant company upon the only theory upon which I think the complaint can be sustained, and she cannot be compelled in this action to litigate her right to damages against the plaintiff under her contract with it.

It follows, therefore, that the judgment should be affirmed, with costs, as to the respondent Cunningham, and reversed, and a new trial ordered, with costs to abide the event, as to the defendant company.

PATTERSON, J., concurs.