## JOHN P. SHARKEY CO. *v.* CITY OF PORTLAND.

[106 Pac. 331: 114 Pac. 933.]

APPEAL AND ERROR—DISMISSAL OF APPEAL—GROUNDS FOR DISMISSAL.

1. Where all the defendants jointly appealed from the entire decree, but one alone filed a brief, the appeal would not be dismissed because the other defendants did not join therein or file a separate brief, the most severe punishment that could be imposed being the denial to such defendants of the right to file a brief, and refusal of the privilege of appearing, by person or counsel, at the trial of the cause on appeal.

APPEAL AND ERROR—BRIEFS—EXCUSE FOR FAILURE TO FILE.

2. Where, on appeal by several defendants, one alone filed a brief and the others did not join therein, but counsel for the others filed an affidavit to the effect that he assisted in writing a brief in behalf of all defendants which he supposed had been printed and filed, until a motion to dismiss the appeal for failure to file briefs was interposed, and an affidavit by the attorney for the defendant which did file a brief, corroborated the other, such defendants would be allowed to file a brief and to be heard at the trial.

PLEADING—CURING DEFECTS—SUBSEQUENT DENIALS.

3. A party cannot rely upon allegations of his adversary to cure defects in his own pleading, when in a subsequent pleading he denies

Sig. 12

such allegations, and hence, where a complaint against a city and its contractors showed that a contract was regularly let for the improvement of a street, but did not allege that the city authorized unlawful acts of the other defendant contractors in appropriating plaintiff's dirt, excavated within the street lines, but the city, by justifying the action of the defendant contractors and expressly alleging that it and the defendants appropriated the dirt and had a lawful right to do so, by such averment cured the defect in the complaint, had not such allegations been denied in the reply.

MUNICIPAL CORPORATIONS—PROPERTY OWNERS—PROPERTY ABUTTING ON STREET.

4. An abutting owner on both sides of a street where an improvement is being made is the owner of the soil of a street in front of his lot to the center of the street, subject to the right of the city to improve the same for purposes of travel; and he does not become divested of his ownership by the mere act of the city and contractors in excavating it, in order to improve the street.

MUNICIPAL CORPORATIONS—PROPERTY OWNERS—PROPERTY ABUTTING ON STREET.

5. Under City Charter of Portland, § 375 (Sp. Laws 1903, p. 150), there cannot be a general plan of improvement embracing several streets; each improvement must stand alone, be petitioned for separately, and be improved under separate ordinance.

MUNICIPAL CORPORATIONS—PROPERTY OWNERS—PROPERTY ABUTTING ON STREET—REMOVING DIRT—LIABILITY.

6. Where earth owned by plaintiff was excavated from a street and disposed of for use on other streets, for the contractors' benefit, the contractors are liable to the abutting owner.

MUNICIPAL CORPORATIONS—STREETS—RIGHTS OF ABUTTING OWNERS—CITY OF PORTLAND.

7. The abutter on a street in Portland owns the soil to the center of the street, and he still owns it when it is excavated, unless needed for the improvement of the same street, and he has the right to take it away, provided he does so promptly; and, if there is a place as convenient for the contractor to dump surplus dirt as to place it elsewhere, it is the right of the owner to have it dumped at such place, if he so indicates at the commencement of the work; but, as such dirt is usually valueless to the abutting owner, he is deemed to have abandoned his claim thereto, unless seasonably made, and the owner cannot require the contractor, at the latter's own expense, to place the dirt at a distant or inconvenient place, in which event he must remove the dirt promptly himself.

MUNICIPAL CORPORATIONS — STREETS — ABUTTING OWNERS — REMOVING DIRT—LIABILITY—DAMAGES.

8. Where the evidence showed that plaintiff needed dirt adjoining the very place where it was excavated, and that he so notified defendants, and that the place indicated by plaintiff was the easiest and most accessible place upon which the dirt could be dumped, and that it would cost plaintiff $2,500 to procure other dirt in place of that wrongfully taken by defendant, and that it could not and has not since been

obtained for less, the decree for that amount against the defendant was proper.

From Multnomah:   WILLIAM N. GATENS, Judge.

Decided January 18, 1910.

ON MOTION TO DISMISS.

[106 Pac. 331.]

*Mr. Ralph R. Duniway,* and *Mr. A. E. Clark,* for the motion.

*Mr. John P. Kavanaugh, Mr. Frank S. Grant,* city attorney, and *Mr. William C. Benbow,* deputy city attorney, *contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal as to some of the parties.   The defendants, the city of Portland, a municipal corporation, W. Scott and T. McDougal, partners as Scott & McDougal, and M. J. Connelley, having been perpetually enjoined from trespassing on the plaintiff's land and required to pay him damages arising from the injury thereto, jointly appealed from the entire decree.   The city of Portland alone filed a brief, and because its codefendants did not join therein or file a separate brief this motion was interposed.

1. As the entire decree is attempted to be reviewed by all the defendants, the appeal cannot be dismissed as to any of them, for a reversal, affirmance, or modification of the determination of the trial court, will necessarily affect all of them alike.   If the failure of the counsel for the codefendants to file a brief is so flagrant that the omission should subject their clients to discipline, the most severe punishment that could be legally inflicted upon them would be to deny them the right to file a brief herein, and to refuse them the privilege of appearing in person or by counsel at the trial of the cause in this court.

2. An affidavit filed by counsel for Scott & McDougal and Connelley states that he assisted a deputy in the office of the city attorney of Portland in writing a brief on behalf of all the defendants which he supposed had been printed and filed until this motion was interposed; but that the city attorney without his knowledge caused another brief to be prepared, printed, and filed with the clerk of this court, in which epitome of the facts and legal principles thus set forth the city of Portland alone controverts the equities of the decree of which it complains. This sworn declaration is corroborated by the affidavit of the city attorney, thus showing that the counsel for the codefendants had made an honest effort to comply with the rules of the court, and, such being the case, the motion to dismiss the appeal and to affirm the decree as to the codefendants is denied, and they will be allowed to file a brief, and to be heard at the trial of this cause.

DENIED.

Argued March 14, decided April 4, 1911.

## ON THE MERITS.

[114 Pac. 933.]

Statement by MR. JUSTICE MCBRIDE.

This is a suit by John P. Sharkey Company, a corporation, against the City of Portland, M. J. Connelley, and Messrs. Scott & McDougal, to restrain the defendants from wrongfully removing earth from an excavation being made in the improvement of Franklin Street in the city of Portland, and to compel defendants to account for and pay the value of earth which plaintiff claims has been already unlawfully converted.

The complaint, which is too voluminous for insertion here, alleges in substance, that W. Scott and T. McDougal, defendants, are partners, doing business under the firm name of Scott & McDougal; that plaintiff, during all

times mentioned in the complaint, was the owner in equity of all of blocks 23 and 24 in Waverleigh Heights, in the city of Portland; that Franklin Street, between Thirty-first and Thirty-third streets, lies between blocks 23 and 24; that the John P. Sharkey Company is the owner in equity of all the dirt in such street, and of the title to such street, subject only to the easement for street purposes for the benefit of the public therein; that the city of Portland has let a contract to excavate Franklin Street, between Thirty-first and Thirty-third streets, lying opposite and between blocks 23 and 24, Waverleigh Heights, to the established grade, and also to lay artificial stone sidewalks and curbs; that such contract was let to M. J. Connelley, defendant, who sublet it to defendants Scott & McDougal; that they are, and have been during all the times mentioned herein, fulfilling the same; that the contract provides that the contractor shall make the excavation at an agreed price, but it is silent as to where he shall deposit the earth so excavated; that the city of Portland has provided a district, composed of property belonging to plaintiff, to pay for the excavation, because such property will be specially and peculiarly benefited by the improvement, and that defendants are attempting to make the excavation at the expense and charge of plaintiff's property only; that plaintiff is the equitable owner, not only of blocks 23 and 24 in Waverleigh Heights, but of the soil in Franklin Street between those blocks, and it has in no way disposed of its ownership in the soil; that plaintiff has heretofore requested and demanded of defendants, and each of them, that they deposit the soil belonging to plaintiff which has been excavated out of Franklin Street between blocks 23 and 24, Waverleigh Heights, upon block 24 thereof, so that plaintiff will not be deprived of its use and will receive the benefit of the contract; that plaintiff has offered the most reasonable and inexpensive place for defendants to

deposit the earth, on block 24, Waverleigh Heights; that plaintiff, as an equitable owner of the property, claims the benefit of the excavated soil for the filling of its adjacent property; that the defendants, and each of them, are unlawfully claiming the right to take the earth belonging to plaintiff, and excavated out of Franklin Street between Thirty-first and Thirty-third streets, and divert it to their own use; that defendants, and each of them, have refused and continue to refuse to deposit the soil so excavated upon block 24, as requested by plaintiff; that there is still a large amount of earth to be excavated out of Franklin Street between Thirty-first and Thirty-third streets, and unless enjoined by this court defendants will continue to excavate the same and divert it elsewhere, to the irreparable injury of plaintiff; that defendants by these acts destroying plaintiff's estate in the real property, in violation of law, and diverting it to their own use; that when the dirt is so taken and diverted there will be no adequate and complete remedy at law for the estimation of damages of the premises; that defendants are proceeding under a claim that they are authorized so to do by the city of Portland; that plaintiff has no plain, speedy, or adequate remedy at law; that defendants, by their acts and proceedings are taking the property of plaintiff in violation of law, of the State Constitution, and of the Constitution of the United States; that plaintiff is unable to state how much earth has been removed from Franklin Street between Thirty-first and Thirty-third streets, and prays the court that the defendants be required "to acquire and state the amount of earth and other material heretofore removed by the defendants and converted to their own use from Franklin Street between Thirty-first and Thirty-third streets."

The defendants appeared separately and demurred to the complaint as not stating facts sufficient to constitute a cause of suit, and, the demurrer being overruled, they

filed separate answers, admitting the formal allegations of the complaint, but denying the portions above set out, except as stated in their further answer. The further answer alleges that, on April 24, 1907, plaintiff's predecessor in interest in Waverleigh addition filed a petition with the city auditor for the grading and improvement of several designated streets in that addition, including Franklin Street, and that thereafter, in pursuance of an ordinance passed for that purpose, the city advertised for bids for such improvement, and that the contract for a portion of the improvement of Franklin Street was let to M. J. Connelley & Company. Then follow the following allegations:

"That between said 24th day of April, 1907, and the time of the commencement of this suit, the city of Portland enacted resolutions, ordinances, and proceedings for the improvement of a large number of other streets in said Waverleigh Heights Addition, and being the larger portion of said streets above mentioned, the improvement of which was petitioned for by said H. W. Lemcke Company, predecessors of the plaintiff herein, and contracts were awarded by the city of Portland for the improvement of said divers streets and portions thereof in said Waverleigh Heights Addition, and said improvement of Franklin Street between and adjacent to blocks 17, 18, 23, 24, 31 and 32, Waverleigh Heights, and the improvement of said other streets in said addition which had been petitioned for by said H. W. Lemcke Company, and for which contracts had been awarded, were being conducted and carried on as a general improvement of streets in said Waverleigh Heights and in the vicinity of said Franklin Street, and all the earth which has been excavated and to be excavated out of said Franklin Street under the contract between the defendant contractors and the city of Portland, not necessary for or required in the improvement of said Franklin Street, is used and to be used by the defendant contractors and the city of Portland in said other streets being improved and to be improved under said general plan of improvement of the streets in said Waverleigh Heights Addition. That it is

necessary for said defendant, the city of Portland, to use all of said earth so excavated and to be excavated from said Franklin Street, in said general plan of improvement of said streets in Waverleigh Heights, and that the defendant, the city of Portland, appropriated said earth for said purpose, and the same is not being used for any other purpose, but is being used by the city of Portland and the defendant contractors for such purpose only. That said the city of Portland through its executive board advertised for and received bids for the improvement of said Franklin Street on the 10th day of April, 1908, that the said bids were advertised according to law and provided that it would receive said bids for said improvement in accordance with the ordinance providing for the time and manner of the same and the plans and specifications of the city engineer therefor, and the plaintiff herein had full knowledge of all the acts and proceedings had and taken by the defendant, the city of Portland, in the matter of said improvement and made no objection to the awarding of said contract for the same, and the plaintiff was aware and had full knowledge of the fact that the earth so to be taken from said Franklin Street in the improvement thereof, had been appropriated by and did belong to the defendant, the city of Portland. That the defendant contractor, M. J. Connelley, at the time of submitting his bid for the improvement of said Franklin Street, based the said bid on the ownership of the earth of said street having been appropriated by the defendant, the city of Portland, and owned by it, and that other streets in the vicinity of said Franklin Street were about to be improved under a general plan therefor, and that the earth so to be taken from said Franklin Street could be and was to be used in the improvement of said streets in the vicinity of said Franklin Street. That his bid for said improvement was made much lower by reason of his said knowledge that said earth could and was to be used in the improvement of said streets in the vicinity of Franklin Street, and said bid was for an amount much lower than the same could have otherwise have been made without loss to the defendant contractors, all of which facts were and are known to the plaintiff herein, and unless these defendant contractors are permitted to use said earth they will be subjected to and will suffer

a great financial loss in the carrying out of said contract with the city of Portland, and that, by reason of the bid of said contractors having been placed at said reduced amount, the assessment for said improvement as to the property benefited thereby will be greatly reduced."

Plaintiff's reply denied the new matter set up in defendants' answer. Upon the trial a decree was rendered against defendants, restraining them from further converting the earth claimed by plaintiff, and fixing plaintiff's damages for that already converted at $2,500. Defendants appeal.

AFFIRMED as to Connelley, Scott & McDougal.
REVERSED as to city of Portland.

For appellants there was a brief over the names of *Mr. John P. Kavanaugh, Mr. Frank S. Grant*, city attorney, and *Mr. William C. Benbow*, deputy city attorney, for defendant, City of Portland, and *Mr. Lawrence A. McNary* for defendants M. J. Connelley, and Messrs. Scott & McDougal, with oral arguments by *Mr. Benbow* and *Mr. McNary*.

For respondent there was a brief with oral arguments by *Mr. Ralph R. Duniway* and *Mr. A. E. Clark*.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Considering the complaint in its entirety, we do not think it states a cause of suit against the city of Portland. It sufficiently appears from the complaint that the contract was let in the regular manner and without reference to what disposal should be made of the surplus dirt obtained during the cause of excavation. Nothing is alleged showing that the city contemplated or authorized the alleged unlawful acts of the other defendants, who were independent contractors whom the city had a right to expect would carry out their contract in a lawful manner. The pleading is somewhat vague, but, tak-

ing it by its four corners, we think that this is the only fair construction that can be placed upon it. The principal question is whether the city, by justifying the action of the defendants and expressly alleging that it and the defendants appropriated the dirt and claiming the right so to do, has not by express aider cured the defect in the complaint, and this undoubtedly would be true, had not these allegations of the answer been denied by the reply.

3. The rule is that a party cannot rely upon allegations of his adversary to cure defects in his own pleadings, when in a subsequent pleading he denies such allegation. 31 Cyc. 716; *Sterling* v. *Sterling,* 43 Or. 200 (72 Pac. 741) ; *Cohn-Baer Myers & Aronson Co.* v. *Realty Transfer Company,* 117 App. Div. 215 (102 N. Y. Supp. 122) ; *Mosness* v. *German American Ins. Co.,* 50 Minn. 341 (52 N. W. 932). As to the other defendants, the decree of the circuit court was correct.

4. It appeared from the testimony that the plaintiff was the abutting owner on both sides of the street where this improvement was being made, and it is settled past controversy in this State that the abutting owner is also the owner of the soil of the street in front of his lot to the center of the street, subject to the right of the city to improve the same for the purpose of travel: *Parker* v. *Taylor,* 7 Or. 435, 447; *Lankin* v. *Terwilliger,* 22 Or. 97 (29 Pac. 268) ; *Huddleston* v. *Eugene,* 34 Or. 343 (55 Pac. 868: 43 L. R. A. 444). Being the owner of the soil, plaintiff did not become divested of his ownership by the mere act of the defendants in excavating it, in order to improve the street. Elliott, R. & S. (2 ed.) § 692; *Smith* v. *City Council of Rome,* 19 Ga. 89, (63 Am. Dec. 298) ; *City of Aurora* v. *Fox,* 78 Ind. 1; *Makepeace* v. *Worden,* 1 N. H. 16; *Fisher* v. *City of Rochester,* 6 Lans. (N. Y.) 225.

5. The weight of authority seems to be that the city is entitled to use the earth excavated from one portion of a street to make fills required upon the same street, or upon other streets embraced in the same general plan of improvement. But in the case at bar the soil excavated was not so used, and under the charter of the city of Portland there cannot be a general plan of improvement embracing several streets. Each improvement must stand alone, be petitioned for separately, and be improved under a separate ordinance. City Charter of Portland, § 375 (Sp. Laws 1903, p. 150); *Oregon Transfer Company* v. *Portland,* 47 Or. 1 (81 Pac. 575: 82 Pac. 16).

6. The evidence shows that 10,000 cubic yards of earth excavated from the street was disposed of for use on other streets and for the contractors' benefit.

7. Without discussing the somewhat conflicting authorities, we hold the law to be this:   (1) That the abutting owner on a street in Portland owns the soil to the center of the street; (2) that he still owns it when it is excavated, unless needed for the improvement of the same street; (3) that he has a right to take it away, provided he does so promptly and without delaying work on the improvement; (4) that if there is a place where it is as convenient for the contractor to dump the surplus dirt as to place it elsewhere, it is the right of the owner to have it dumped at such place, if he so indicates at the commencement of the work; (5) that, in view of fact that dirt taken from such excavations is usually valueless to the abutting owner, he should be deemed to have abandoned his claim thereto, unless seasonably made as indicated above; (6) that the owner cannot require the contractor, at the latter's expense, to place the dirt at a distant or inconvenient place, in which event he must remove the dirt promptly himself.

8. In the case at bar the evidence shows that plaintiff needed the dirt adjoining the very place where it was

excavated, and that he so notified the defendants. It further shows that the place indicated by plaintiff was the easiest and most accessible place upon which the surplus dirt could be dumped. The evidence also shows that it will cost plaintiff $2,500 to procure other dirt to replace that wrongfully taken by defendants, and that such dirt could not then or since be obtained for less.

Under these circumstances the decree of the circuit court will be affirmed as to defendants Connelley and Scott & McDougal, and reversed as to the city of Portland, but, as the city has seen fit to thrust itself into this controversy and assist the other defendants when it should have stood neutral between the parties, it will not be allowed to recover costs in this court or the court below.

AFFIRMED as to Connolley, Scott & McDougal.
REVERSED as to City of Portland.